786 P.2d 586

Dale F. ANDREWS, Plaintiff–Appellant,

v.

IDAHO FOREST INDUSTRIES, INC., an Idaho corporation, and Bud Biggs, Defendants–Respondents.

No. 17753.

Court of Appeals of Idaho.

Jan. 31, 1990.

Everett D. Hofmeister, Coeur d'Alene, for plaintiff-appellant.

James M. English, Coeur d'Alene, for defendants-respondents.

HART, Judge, Pro Tem.

Dale Andrews challenges the district court's denial of his motion for a new trial on his wrongful termination action. I.R.C.P. 59(a). Specifically, Andrews contends the trial court erred by submitting a confusing and ambiguous instruction to the jury. Furthermore, Andrews argues that the court erred in refusing to review jury affidavits when considering his motion for a new trial. We affirm and award attorney fees to the respondents.

The facts are as follows. Andrews brought this action against his former employer, Idaho Forest Industries, Inc., and his former supervisor, Bud Biggs, seeking damages for wrongful termination. He claimed that Biggs had falsely accused him of misconduct, causing him to be fired. At the close of the trial the district court—rejecting the instructions proffered by counsel—submitted its own instructions to the jury. The court also provided a special verdict form for the jury to complete. The jury returned a verdict in favor of the defendants. Apparently, Andrews' attorney later obtained unsolicited information regarding the jury's deliberations. Two jurors signed affidavits indicating that they misunderstood what was expected of them by jury instruction No. 14 and the special verdict form.

Armed with this information, Andrews filed a motion for a new trial pursuant to I.R.C.P. 59(a), arguing that jury instruction no. 14 was ambiguous. Andrews offered the juror affidavits in support of this contention. Andrews further argued that the affidavits evidenced juror misconduct in violation of I.R.C.P. 59(a)(2). Additionally, Andrews pointed to the short duration (about 90 minutes) of the jury deliberations. The district court—refusing to consider the juror affidavits—denied the motion for a new trial. On appeal, Andrews renews the above arguments, adding that the district court erred in refusing to consider the juror affidavits.

Preliminarily, we note our standard of review. In general, the decision to grant or deny a motion for a new trial pursuant to I.R.C.P. 59(a) rests upon the sound discretion of the district court. *Pierson v. Brooks*, 115 Idaho 529, 768 P.2d 792 (Ct. App.1989) (review denied). In determining whether this discretion has been properly exercised we examine: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistent with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Id.* at 532, 768 P.2d at 795. Here we will focus upon the second query of the analytical framework, whether the judge made his decision consistent with the applicable legal standards.

■ We first consider Andrews' contention that jury instruction no. 14 was ambiguous. The instruction states:

The plaintiff in this case has the burden of proving *each of the following propositions.*

1. That he had an employment contract with the defendant which included *one or more* of the following conditions:

   a. That the employee shall only be terminated for cause;

b. That the employee shall only be terminated for specifically listed reasons;

c. That the employment was for a specific term;

OR

d. That there are exclusive procedures outlined for termination of employment.

2. That defendant breached its employment contract with the plaintiff.

3. That plaintiff suffered damage as a consequence of defendant's breach of contract.

4. The dollar amount of the damages suffered by plaintiff.

In this case the defendant has asserted the affirmative defense that plaintiff was fairly discharged for cause.

If you find from your consideration of all the evidence that each of the propositions required of the plaintiff has been proved and that none of the defendant's affirmative defenses has been proved, then your verdict should be for the plaintiff. If you find from your consideration of all the evidence that any one of the propositions of the plaintiff is required to prove has not been proved, or that any one of the defendant's affirmative defenses has been proved, then your verdict should be for the defendant. [Emphasis added.]

Andrews argues that the word "each" in the opening line of the instruction could be reasonably construed to mean "all" by a jury. This, of course, is true in relation to the "propositions" numbered 1 through 4. Every one of those propositions was indispensable to the plaintiff's case. However,

Andrews takes the argument beyond the numbered propositions, contending that the jury might have thought he also had the burden of establishing every one of the elements, lettered (a) through (d), within proposition 1. This contention flies in the face of the words "one or more" and the prominent disjunctive "OR," plainly indicating that the lettered elements of proposition 1 were alternative, not cumulative.

Moreover, it is well settled that if the court's instructions, considered as a whole, fairly and adequately present the issues and state the applicable law, then no error has been committed. *Suitts v. First Security Bank of Idaho, N.A.*, 110 Idaho 15, 713 P.2d 1374 (1985); *Zolber v. Winters*, 109 Idaho 824, 712 P.2d 525 (1985). Here, the special verdict form reiterated that the elements of proposition 1 (recast as "QUESTION NO. 1"), stating them in the alternative.[1] These elements were not preceded in the verdict form by any usage of the word "each." The literal meaning of the verdict form was clear. Thus, we conclude that the jury instructions, considered as a whole, fairly and adequately stated the issues. They contained no error.

■ In addition to and in support of the argument that the jury was misled by the jury instructions, Andrews offered affidavits from two jurors maintaining that they misunderstood the jury instructions. Andrews argues that the district court erred in refusing to consider the affidavits. We think the district court acted properly.

Rule 606(b), I.R.E., states:

*Inquiry to validity of verdict or indictment.* Upon an inquiry into the validity

---

1. The special verdict form (numbered jury instruction no. 25) appeared in relevant part as follows:

In this case you will return a special verdict, consisting of a series of questions you should answer. In answering such question you must be persuaded, considering all of the evidence in the case, that your choice of answers is more probably true than not true. Since the explanations on the form which you will have are part of my instructions to you, I will read the verdict form to you and explain it. It starts:

"We, the jury, answer the questions submitted to us in the special verdict as follows:

QUESTION NO. 1: Did the plaintiff, Dale Andrews, have an employment contract with the defendant, Idaho Forest Industries, Inc., which included *one or more* of the following conditions:

a. That the employee shall only be terminated for cause;

b. That the employee shall only be terminated for specifically listed reasons;

c. That the employment was for a specific term; OR

d. That there are exclusive procedures outlined for termination of employment.

ANSWER: YES ___ NO___

[Emphasis added.]

of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to a jury's attention or whether any outside influence was improperly brought to bear upon any juror and may be questioned about or may execute an affidavit on the issue of whether or not the jury determined any issue by resort to chance.

Under this rule, a review of the internal deliberation process of the jury is prohibited unless affected by extraneous prejudicial information or an outside influence. *Lehmkuhl v. Bolland,* 114 Idaho 503, 510, 757 P.2d 1222, 1229 (Ct.App.1988) (review denied). In this case, Andrews asserts that the jury instructions were extraneous prejudicial information. Nothing could be further from the truth. Jury instructions are not "extraneous" information. Here, the court's instructions to the jury properly set out the elements of the plaintiff's case. We therefore conclude that the district court correctly refused to consider the affidavits in ruling on Andrews' motion.

 Andrews finally contends that, because the jury deliberated only a short time, there must have been jury error. We consider this argument mere speculation. The jury might simply have found the plaintiff's evidence to be unpersuasive, leaving little to discuss. In any event, the brevity of jury deliberations does not indicate, by itself, that the verdict was a result of error. *See generally State v. Clark,* 115 Idaho 1056, 772 P.2d 263 (Ct.App.1989).

In summary, we hold that the district court properly excluded the juror affidavits from consideration upon the motion for a new trial. Furthermore, the court committed no error in holding that the jury instructions were not misleading. The court's decisions were consistent with the legal standards applicable to those choices. Thus, the district court did not abuse its discretion when it denied the motion for a new trial.

On appeal, the respondents have argued that they are entitled to an award of attorney fees under I.C. § 12–121. They contend that the appeal was brought frivolously. Where an appeal turns on questions of law, we will award attorney fees under I.C. § 12–121 if the law is well settled and the appellant has made no substantial showing that the district court misapplied the law. *Davis v. Gage,* 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985). Furthermore, where issues of discretion are involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion. *McPherson v. McPherson,* 112 Idaho 402, 732 P.2d 371 (Ct.App.1987). We find both circumstances evident here. Accordingly, we award attorney fees on appeal to the respondents in an amount to be determined in accordance with I.A.R. 41.

The order denying the motion for new trial is affirmed. Costs and attorney fees to respondents.

BURNETT and SWANSTROM, JJ., concur.