867 P.2d 1010

**FLAHIFF FUNERAL CHAPELS, INC., an Idaho Corporation, Plaintiff–Respondent,**

v.

**Mary ROLL, Defendant–Appellant.**

No. 19969.

Court of Appeals of Idaho.

Jan. 28, 1994.

Mary Roll, pro se appellant.

Gigray, Miller, Downen & Wilper, Caldwell; for respondent. Donald E. Downen argued.

PERRY, Judge.

In this appeal, Mary Roll attacks the renewed judgment entered against her by the magistrate and affirmed by the district court. She also challenges the district court's order affirming the magistrate's denial of her motion to dismiss which was made orally at the hearing on the motion to renew the judgment. We affirm.

In June 1983, Flahiff Funeral Chapels, Inc., filed a complaint against Mary Roll for funeral services provided at her request upon the death of her father. According to the register of actions in the magistrate court, Roll, through her attorney of record, filed a notice of appearance. As the action progressed, Roll filed an answer and also responded to requests for admissions which were submitted by Flahiff. Pursuant to a consent and stipulation, Flahiff obtained a judgment against Roll. Judgment was entered on September 5, 1985.

In order to preserve the judgment which had not been satisfied, Flahiff filed a motion to renew judgment in July of 1990. The matter was heard in the magistrate division where Roll made an oral motion to dismiss the action on the ground that the original 1985 judgment was invalidly obtained. The magistrate held that her motion was improperly filed, denied her motion to dismiss and granted Flahiff's motion to renew. A renewed judgment was entered August 9, 1990, in the magistrate division of the district court.

Roll appealed to the district court, raising issues with respect to the validity of the original 1985 judgment and the 1990 renewed judgment. The district court held that because no appeal had been perfected within forty-two days of the September 5, 1985, judgment, all of Roll's challenges to the merits of that judgment were foreclosed. The district court rejected Roll's assertion that the original judgment was void for lack of service upon or personal jurisdiction over Roll because that assertion was not supported by any evidence and was contradicted by the court's records showing that Roll had appeared through counsel. Accordingly, the district court affirmed the renewed judgment in favor of Flahiff.

Roll appeals to this Court arguing the same issues she had raised before the district court. She repeats her claim that the 1985 judgment was entered in error, and she asserts that she was not properly served notice of the hearing on Flahiff's motion to renew judgment. She asks us to review whether the district court erred in affirming the magistrate's decision to grant Flahiff's motion to renew judgment and to deny her motion to dismiss the matter.

■ We first address Roll's allegations concerning the validity of the 1985 judgment. Roll claims the judgment was invalid because it was obtained "without service or notice to her," and that "she had no opportunity to defend or even know of the judgment." The register of actions as noted above, however, contradicts Roll's assertions. We find her position on her lack of jurisdiction claim to be without merit.

■ Because Roll did not appeal from the final judgment to the district court in 1985, her other contentions with respect to that judgment are not properly reviewable in this appeal. I.R.C.P. 83; I.A.R. 11.

■ With respect to the other issues on appeal, this Court will review the record before the magistrate independently of the district court decision where the district court was acting in its appellate capacity in reviewing the magistrate's decision. *First Interstate Bank of Idaho, N.A. v. West,* 107 Idaho 851, 693 P.2d 1053 (1984). We will examine the record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the law has been properly applied to those facts found. *Desfosses v. Desfosses,* 120 Idaho 354, 815 P.2d 1094 (Ct.App. 1991).

■ Roll asserts that she was not properly served with notice of the hearing scheduled on Flahiff's motion to renew judgment. As a result, she contends, the renewed judgment entered against her by the magistrate was in error. The record, however, dispels the argument that Roll was at all times appearing *pro se* and was thereby entitled to personal service.

Roll, the only defendant in this action which began in 1983, had filed several documents through counsel. No withdrawal of counsel exists in the record. Notice of Flahiff's motion to renew was mailed to her counsel of record, reflected by a certificate of mailing that is a part of the augmentation of the record. Roll appeared at the August 9, 1990, hearing, thereby submitting herself to the jurisdiction of the court. I.R.C.P. 4(i). Roll did not present a viable argument why the judgment against her should not be renewed. We find no error in the magistrate's decision granting a renewed judgment to Flahiff.

Next, Roll argues that the magistrate erred in denying her motion to dismiss or, in the alternative, the magistrate should have granted her request to continue the hearing on Flahiff's motion to renew judgment. By her motion to dismiss, Roll attempted to have the underlying judgment vacated, alleging that the court did not have personal jurisdiction over her and challenging the judgment on its merits. In her oral motion, she presented no evidence, cited no authority and presented no supporting brief or documentation.

■ The magistrate held that Roll's motion to dismiss was not properly filed and that the only motion before the court was the motion to renew. Under I.R.C.P. 7(b)(1), there is a requirement that motions be in writing unless made during a trial or hearing. Roll's motion, therefore, was properly before the court. Rule 7(b)(1) further requires that a motion shall state with particularity the grounds therefor and shall set forth the relief or order sought. Roll's motion raised a defense that the judgment was void due to the court's lack of jurisdiction over Roll. However, we have previously concluded her position in that regard was without merit and contradicted by the record. We uphold the district court's order affirming the magistrate's refusal to dismiss the action.

■ The magistrate made no ruling on Roll's request for a continuance, but simply renewed the judgment. The granting of a continuance lies within the sound discretion of the trial court. *State v. Ward,* 98 Idaho 571, 569 P.2d 916 (1977); *State v. Hiassen,* 110 Idaho 608, 716 P.2d 1380 (Ct.App.1986). Roll failed to point out to the trial court, or to this Court, what evidence could have been presented or what claims could have been raised in addition to her lack of jurisdiction assertions had the continuance been granted. She has further failed to demonstrate any abuse of discretion by the trial court in denying her a continuance. We affirm the magistrate's action in this regard.

■ Roll also challenges the award of attorney fees issued by the district court in the interim appeal. Where issues of discretion are involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the court's exercise of discretion. *Andrews v. Idaho Forest Indus., Inc.,* 117 Idaho 195, 786 P.2d 586 (Ct.App. 1990). In this case, the district court determined that the appeal was pursued frivolously and without foundation. In view of the finality of the original 1985 judgment, there was no merit to Roll's contention that the renewed judgment was in error. We cannot say that the district court abused its discretion in awarding attorney fees on the interim appeal. We affirm the district court's order granting fees to Flahiff pursuant to I.C. § 12–121.

We uphold the district court's order affirming the magistrate's renewal of the judgment in favor of Flahiff and the denial of Roll's motion to dismiss. With no persuasive argument that the magistrate misapplied the law governing the renewal of judgments, we are left with the abiding belief that this appeal was pursued frivolously, unreasonably and without foundation. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); I.C. § 12–121. We award attorney fees and costs to respondent, Flahiff.

WALTERS, C.J., and LANSING, J., concur.