878 P.2d 795

**Lewis WEBSTER and Velma Webster, husband and wife, Plaintiffs–Appellants,**

**v.**

**Roger J. HOOPES, Dale Packer Thomson, and Hoopes & Thomson, a partnership, Defendants–Respondents.**

**No. 20409.**

Court of Appeals of Idaho.

April 5, 1994.

Petition for Review Denied Aug. 23, 1994.

PERRY, Judge.

Lewis and Velma Webster appeal from an order awarding summary judgment to their former attorney, Roger J. Hoopes, individually, and Hoopes & Thomson, Chartered, a partnership. They also appeal from an order and judgment awarding attorney fees and costs to Dale P. Thomson, individually, who was dismissed from the action by the district court prior to the summary judgment motion. For the reasons set forth below, we affirm in part and reverse in part the orders of the district court.

## BACKGROUND

Sometime in 1987, the Websters retained Hoopes, a partner in the law firm of Hoopes & Thomson, Chartered, to represent them in a suit brought by First Security Bank of Idaho, N.A. ("Bank"). The Websters challenged the Bank's claim for foreclosure of a mortgage and recovery of sums due under the Websters' guaranty of a business loan made by the Bank to the Websters' son. The Websters asserted affirmative defenses and raised counterclaims, all of which were resolved in favor of the Bank. The Bank was granted an order on summary judgment, judgment in the amount of $150,000 plus interest and a decree of foreclosure.

Following several unsuccessful post-judgment motions and an appellate review affirming the district court,[1] the Websters concluded that their counsel had failed to properly plead all available defenses and to file all available counterclaims under lender liability theories. On June 13, 1991, the Websters filed a professional malpractice action against Hoopes and Thomson, individually, and against the partnership, seeking damages on account of Hoopes' negligent representation in defending their interests against the Bank's claims. The malpractice action is the subject of this appeal.

## FACTS AND PROCEDURE

In May 1992, the district court dismissed the Websters' malpractice action with prejudice for failure to prosecute. The Websters moved for relief from the dismissal order.

Cosho, Humphrey, Greener & Welsh, Boise, for plaintiffs-appellants. Nancy J. Hopkins, argued.

Morton Law Offices, Boise, for defendants-respondents. Alan L. Morton, argued.

1. *First Security Bank of Idaho, N.A. v. Webster,* 119 Idaho 262, 805 P.2d 468 (1991).

The defendants entered a special appearance contesting the jurisdiction of the district court and venue in Ada County, and also objecting to the Websters' motion. The case was reinstated and venue was changed to Madison County. Thereafter, defense counsel moved the district court for an order dismissing Dale Thomson from the suit on grounds of lack of prosecution. Counsel alleged that Thomson had never been served with process and based his motion on rules 40, 41, and 59, I.R.C.P. The district court, after a hearing, granted the motion and issued an I.R.C.P. 54(b) certificate as to the dismissal order. The Websters, however, did not appeal from the dismissal order.

Thereafter, Hoopes, individually, and the partnership filed a motion for summary judgment in the instant matter. They argued that the statute of limitation governing professional negligence claims, I.C. § 5–219(4), required that the Websters file their claim within two years of the date of the occurrence, act or omission complained of. Hoopes pointed to the June 7, 1989, order of summary judgment in favor of the Bank as the date the Websters first suffered some damage from their counsel's alleged negligent representation. In opposition to the motion, the Websters submitted that, at the earliest, they first suffered damage on June 14, 1989, upon the entry of the judgment for $150,000 plus interest and the decree of foreclosure.

The district court ruled that the statute of limitation began to run on June 7, 1989, the date of the order granting summary judgment to the Bank in the underlying action. The district court reasoned that the order disposed of the Websters' defenses to the Bank's claim as well as dismissing all of their counterclaims. According to the district court, this order constituted "some damage," even though the exact damages were not fixed until the entry of the judgment and the decree of foreclosure. The district court concluded, therefore, that the malpractice action filed June 13, 1991, was barred by the two-year statute of limitation under I.C. § 5–219(4).

The district court entered an order granting summary judgment in the malpractice action to Hoopes, individually, and to the partnership. In a separate order, the district court denied Hoopes' motion for attorney fees and costs, but awarded Thomson fees and costs incurred before he was dismissed from the case.

The Websters have appealed from two orders of the district court in the malpractice action: (1) the order granting summary judgment to Hoopes and the partnership and (2) the order awarding fees and costs to Thomson. They contend on appeal that the district court improperly selected the June 7, 1989, date of the order on summary judgment in the underlying action to begin the running of the statute of limitation on their malpractice claim. They also contest the district court's award of fees and costs based upon a finding that their claim against Thomson, individually, had been pursued unreasonably and frivolously and without support in fact or law.

## STATUTE OF LIMITATION

■ We begin by reiterating our standard of review on summary judgment orders. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Hales v. King*, 114 Idaho 916, 918, 762 P.2d 829, 831 (1988); *See also* I.R.C.P. 56(c). Here, both parties agree that there are no genuine issues of fact. They also agree that the issue presented on summary judgment is one of law. Accordingly, we exercise free review of the statute of limitation question. *See id.; Standards of Appellate Review in State and Federal Courts*, IDAHO APPELLATE HANDBOOK § 3.3.6.2 (Idaho Law Foundation, Inc. 1985).

■ Idaho Code § 5–219(4) sets forth a two-year statute of limitation in a professional malpractice case. According to the statute, "the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom . . . ." *Id.* The statute, however, has been limited by case law to require 'some damage' before the ac-

tion accrues and the limitation period begins to run. *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991), *citing Griggs v. Nash,* 116 Idaho 228, 775 P.2d 120 (1989).

The Websters assert on appeal that the district court erred in applying the statute to this case and holding that the malpractice claim must have been brought before June 7, 1991. The Websters contend that the June 7, 1989, order for summary judgment in the underlying suit was a "benign event from the standpoint of incurring some actual damage" and "preliminary to any actual damage." They submit that the first event imposing some actual damage was the judgment and decree of foreclosure, dated June 13, 1989, which set forth the exact amount of damages due the Bank from the Websters. This argument, however, was specifically rejected by our Supreme Court in *Fairway Development Co. v. Petersen, Moss, Olsen, Meacham & Carr,* 124 Idaho 866, 865 P.2d 957 (1993). As the Court stated, "knowledge of the exact amount of damage suffered is not the proper standard used to determine when the cause of action accrues." *Id.* at 869, 865 P.2d at 960.

The *Fairway* Court also addressed the holding of *Chicoine v. Bignall,* 122 Idaho 482, 835 P.2d 1293 (1992), which the Websters cite in support of their alternative argument that only after an appeal is complete are the damages ascertainable. The Websters argue that the date of the Supreme Court's opinion affirming the summary judgment in favor of the Bank should be the starting point for the running of the statute of limitation in the malpractice action.

> According to the Court in *Fairway,*
> Chicoine prevailed at the trial court level and, thus, did not suffer 'some damage' until a decision was rendered by this Court which reversed the earlier trial court decision in Chicoine's favor. The trial court granted Chicoine's motion for new trial; Chicoine lost nothing prior to the ruling by this Court. (Citations omitted.)

*Id.* Like Fairway, however, the Websters did not prevail at the trial court level. As of June 7, 1989, the Websters' defenses to the Bank's claims were rejected and their counterclaims were dismissed by the order grant-

ing summary judgment to the Bank. While the Websters did not know how much damage they suffered in dollars, or which defenses or counterclaims could be revived on appeal, that does not diminish the conclusion that the Websters suffered some actual damage by June 7, 1989.

Therefore, we conclude that the June 14, 1989, judgment and decree of foreclosure only established the amount of the damage award. The dismissal of the Websters' counterclaim and their liability to the Bank were determined by the order on summary judgment of June 7, 1989. We hold there is objective proof that the Websters suffered some damage upon the summary judgment order of June 7, 1989. Accordingly, the limitation period expired on June 7, 1991, barring the Websters' malpractice claim which was not filed until June 13, 1991. We affirm the district court's order on summary judgment.

### COSTS AND ATTORNEY FEES

The Websters also challenge the district court's award of attorney fees and costs related to the defense of Dale Thomson, individually, who was dismissed from the action prior to the motion for summary judgment. With respect to the award of attorney fees, the Websters dispute the district court's finding that their claim against Thomson, individually, was pursued frivolously and unreasonably and that it was not supported in fact or law. With respect to the discretionary costs, the Websters argue that the required showing was not made—that the costs were "necessary and exceptional costs reasonably incurred."

### 1. ATTORNEY FEES

In its memorandum decision of February 2, 1993, the district court considered the defendants' motion for an award of fees under I.C. §§ 12–121 and 12–123. The district court denied fees to Hoopes and the partnership. The district court awarded fees to Thomson, individually, but reduced the amount requested by almost one-half because of the duplicative nature of services rendered to Hoopes and the partnership.

It is well-settled that an award of attorney fees under I.C. § 12–121 is a matter left to the discretion of the trial judge. Idaho Code § 12–123 also provides that the court "may award attorney fees" on the condition that the court follow the procedure outlined in the statute. Therefore, in reviewing an award of fees pursuant to I.C. §§ 12–121 or 12–123, we apply an abuse of discretion standard.

■■■ Where an issue of discretion is involved, an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion. *Andrews v. Idaho Forest Industries, Inc.*, 117 Idaho 195, 786 P.2d 586 (1990). Under an abuse of discretion standard, we inquire (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

The district court found that the Websters' pursuit of their claim against Thomson, individually, was frivolous under I.C. §§ 12–123(b) and 12–121. The district court reasoned that the Websters had never served Thomson with process, either before the case was dismissed under I.R.C.P. 40(c) or after it had been reinstated by order of the district court and venue changed from Ada County to Madison County. The district court further explained that because Thomson was individually named as a party in the suit, it was alleged he had in some way injured the Websters. As a result, Thomson was compelled to hire counsel and appear specially in order to have himself dismissed from the action and to have his name removed from the suit, even though he had never been served. The district court thereafter concluded that the Websters' claim was not supported in fact or warranted under existing law, nor was it supported by a good faith argument to modify, extend or reverse existing law.

The nature of partnership liability is such that all partners are liable jointly and severally for everything chargeable to the partnership. I.C. § 53–315. Contrary to the way the district court viewed Thomson's liability, Thomson's liability flowed from the partnership, and he was, therefore, liable for the alleged negligent acts of his partner, Hoopes. *See Owyhee County v. Rife*, 100 Idaho 91, 96, 593 P.2d 995, 1000 (1979). *See also* I.C. § 53–313. We therefore disagree with the district court's conclusion that the Websters' claim against Thomson was frivolous.

In dismissing Thomson from the action pursuant to Rule 41(b) due to the Websters' failure to promptly serve Thomson, the district court also concluded that Thomson had suffered prejudice from the delay caused by "the fact that [he] was never fully informed as to his individual involvement in the case." The district court also concluded that there was prejudice in locating witnesses to testify regarding the 1983 transactions and with the fading memories of those witnesses due to the passage of time.

The decision whether to dismiss a case under Rule 41(b) is a discretionary one and will not be overturned on appeal absent a showing of abuse of that discretion. *Gerstner v. Washington Water Power Co.*, 122 Idaho 673, 677, 837 P.2d 799, 803 (1992). Prejudice is an essential factor in the three-part deliberation process which must be considered in addition to the length of the delay caused by the failure to prosecute and the justification for the delay. *Id.* Prejudice must consist of more than general concerns about the passage of time and its effect on the memories of witnesses and the ability to prepare a case. *Id.* As stated above, the district court misperceived the full extent of Thomson's liability as a partner. In addition, we have not been shown any actual prejudice suffered by Thomson during the period of delay from the filing of Websters' complaint (June 13, 1991) to dismissal of the action versus Thomson (August 15, 1992). We deem only this period to be relevant to the delay attributable to the Websters. We conclude that the district court's findings of prejudice caused by the delay were in error and, as a result, insufficient to justify a dismissal of the action versus Thomson.

In the usual situation, the remedy to an improperly entered dismissal order would be a reversal of the order and reinstatement of the cause of action. Here, because we have held that the statute of limitation acted as a

bar to the Websters' malpractice action, which was dismissed on summary judgment, we take no steps to reverse the separate dismissal order as to Thomson. Notwithstanding, we conclude that the district court abused its discretion in not applying the correct legal standard governing dismissals and consequently incorrectly awarded attorney fees pursuant to I.C. §§ 12–121 and 12–123. Accordingly, we reverse the award of attorney fees to Thomson.

## 2. DISCRETIONARY COSTS

■ The Websters assert that the district court abused its discretion in awarding discretionary costs to Thomson. We disagree.

Idaho Rule of Civil Procedure 54(d)(1)(D) provides for the payment of costs, in addition to costs awarded as a matter of right, upon a showing that said costs were necessary and exceptional costs reasonably incurred. The district court allowed discretionary costs of $488.35 following a hearing on the Websters' objections to the cost bill and entered an appropriate finding "that said costs were necessary and exceptional costs reasonably incurred."[2] Upon review, we conclude that the district court did not abuse its discretion in awarding the discretionary costs pursuant to I.R.C.P. 54(d)(1)(D).

## CONCLUSION

In summary, we affirm the district court's dismissal of the action on the ground that the Websters' malpractice action was barred by the statute of limitation. We also affirm the district court's award of costs to Thomson, individually, following his dismissal from the action, but we reverse the award of attorney fees.

Costs on appeal to Hoopes and the partnership. Attorney fees to be borne by each party respectively.

LANSING, J., and SWANSTROM, J. Pro Tem., concur.

---

**2.** It should be noted that the district court's memorandum decision recites I.R.C.P. 54(d)(1)(E) as the basis for the award of discretionary costs. None of the approved costs, however, qualify as "Costs incurred by the Court," which is the subject of subsection (E).