944 P.2d 712

**Pam DeGRAFF and Dane DeGraff, Wife and husband, Plaintiffs–Appellants,**

v.

**Craig W. WIGHT and Danett D. Wight, husband and wife, Defendants– Respondents.**

No. 22432.

Supreme Court of Idaho, Boise, December 1996 Term.

Sept. 4, 1997.

or to his resignation.

Lojek & Strother, Chartered, Boise, for Plaintiffs–Appellants. Donald W. Lojek argued.

Brady, Lerma, Chtd., Boise, for Defendantw–Respondents. John J. Lerma argued.

SCHROEDER, Justice.

This is a personal injury case against Respondents whose dog chased Appellant's horse causing her to fall. The jury found that Appellant was a trespasser and the district court entered a judgment upon a verdict in favor of Respondents. The Appellant argues that the jury was improperly instructed.

## I.

### FACTS AND PRIOR PROCEEDINGS

On May 11, 1992, Appellant Pam DeGraff (DeGraff) was horseback riding in a subdivision off of Eagle Road in Ada County, Idaho. The subdivision had horse corrals and large lots. As DeGraff turned her horse to leave the subdivision, she heard a dog barking and growling and saw a dog coming from Respondents' property. The horse galloped and kicked causing DeGraff to lose the reins and fall, resulting in injury to her.

DeGraff sued Craig Wight and Danett Wight (collectively, the Wights), alleging that the Wights' dog attacked her in a vacant field, causing her severe injuries. DeGraff sought an award of past and future medical and related expenses and costs, general damages, and damages for loss of consortium. The Wights admitted that DeGraff's horse was startled, that she lost control of the horse, and that she fell from her horse. The Wights also admitted that they owned a dog, but alleged that at the time of the incident DeGraff was in a location that was not open to the public and that her unauthorized presence in this location made her a trespasser. The Wights contended that DeGraff trespassed upon their property, initiating the incident. DeGraff contended that she never entered the Wights' property. Both parties agree that DeGraff fell and injured herself on property not owned by either party. There was evidence that the dog had vicious propensities known to the Wights.

Following jury trial, nine of the twelve jurors answered "yes" to question one of the Special Verdict which read: "Was plaintiff Pam DeGraff a trespasser on defendants' property at the time of the occurrence in suit?" The jury was also instructed that "[i]f you have answered question no. 1 'Yes,' you are done." Since a majority of the jurors concluded DeGraff was a trespasser on Respondents' property, the jury found in favor of the Wights.

The district court entered judgment for the Wights based upon the verdict and denied DeGraff's motion for new trial. DeGraff appealed.

## II.

### THE DISTRICT COURT PROPERLY IN-STRUCTED THE JURY REGARD-ING THE AT LARGE DOG ORDI-NANCE.

DeGraff argues that the district court erred in failing to instruct the jury regarding all of the relevant parts of the Ada County Ordinance on "at large" dogs. The district court gave an edited version of the ordinance.[1]

■ In *Brooks v. Gigray Ranches, Inc.,* 128 Idaho 72, 910 P.2d 744 (1996), this Court stated the appropriate standard of review of jury instructions:

> The standard of review when reviewing jury instructions on appeal requires us to determine whether the jury was properly and adequately instructed. Accordingly, we must review the instructions and ascertain whether the instructions, when considered as a whole, fairly and adequately present the issues and state the applicable law.

*Id.* at 76, 910 P.2d at 748 (quoting *Manning v. Twin Falls Clinic & Hosp.,* 122 Idaho 47, 50, 830 P.2d 1185, 1188 (1992)).

The edited jury instruction regarding dogs at large fairly and adequately presented the issue and stated the applicable law.

## III.

### INSTRUCTION 10 HAD THE POTEN-TIAL OF MISLEADING THE JURY AND PREJUDICING DEGRAFF.

The district court stated that in order to conclude DeGraff was a trespasser the jury had to find that she entered upon the Respondents' property without permission and either:

> 2a. That Pam DeGraff's presence on the premises was not known to the defendants, nor reasonably anticipated by them, at the time of the occurrence in suit;

> OR

2b. If Pam DeGraff's presence was known or should have been known, that the defendants did not do any intentional act or affirmative act of negligence which caused her harm.

■ Idaho Jury Instruction (IDJI) 308 defines an owner or occupier's duty to a trespasser, providing that if the presence of the trespasser is known to the owner or occupier or could have reasonably been anticipated, "the [owner] [occupant] has a duty not to injure him by a *willful and wanton act* or by doing an affirmative act of negligence." IDJI 308 (1982) (emphasis added). The district court failed to instruct the jury on the "willful and wanton" standard defined in IDJI 225 (1985):

> Willful and wanton misconduct is present if the defendant intentionally does or fails to do an act, knowing or having a reason to know facts which would lead a reasonable man to realize that his conduct not only creates unreasonable risk of harm to another, but involves a high degree of probability that such harm would result.

Part 2b of Instruction No. 10 is an erroneous statement of the law which fails to include elements that would properly inform the jury as to an owner or occupier's duty to a trespasser.

■ "Reversible error only occurs when an instruction misleads the jury or prejudices a party." *Manning,* 122 Idaho at 51, 830 P.2d at 1189; *Salinas v. Vierstra,* 107 Idaho 984, 991, 695 P.2d 369, 376 (1985). Therefore, the question is whether the instruction given by the district court misled the jury or prejudiced DeGraff.

■ The present case is analogous to *Salinas v. Vierstra,* 107 Idaho 984, 695 P.2d 369, in which the Court found reversible error. In *Salinas,* a cattle hand was injured while unloading hay. The worker alleged negligence by Classic Dairy, its owners and employees for improper supervision and inspection in order to make the worker's place of

1. Instruction No. 11 provided:
   There was in force an ordinance of Ada County, which in its relevant portion, provided as follows:
   It shall be unlawful for any person to own, harbor and have in his or her possession any dog or dogs which molest passerbys or passing

vehicles, attacks other animals, trespasses on school grounds, is repeatedly at large, damages private or public property, barks, whines or howls in an excessive, continuous or untimely fashion.
A violation of this statute is negligence.

employment safe. The jury was instructed on the doctrine of assumption of the risk, but on appeal this Court determined that assumption of the risk would no longer bar recovery by plaintiffs in similar circumstances. The Court then examined whether the jury instruction on assumption of the risk was harmless error and determined that "the instructional errors in this case [were] misleading and fatally prejudicial to Mr. Salinas." *Id.* at 991, 695 P.2d at 376. The Court determined that the remaining instructions did not cure the erroneous statement of law and that "[i]t [was] entirely too plausible that the jury may have reached its verdict based on or guided by the erroneous instructions." *Id.* In this case, there was evidence that the Wights had knowledge of facts concerning characteristics of their dog that created an unreasonable risk of harm to others and a high degree of probability that such harm would result. However, the jury was not informed of the possibility for liability for the Wights' failure to prevent the harm.

In the present case, nine of the twelve jurors answered "yes" to the question of whether DeGraff "was a trespasser on defendants' property." The jury was misled on the law with regard to the duty owed a trespasser, and it is plausible that the jury may have based its decision on the erroneous statement of the law.[2]

## IV.

### CONCLUSION

The judgment upon verdict is vacated and the case is remanded for a new trial. The Appellant is awarded costs. No attorney fees are awarded.

TROUT, C.J., and JOHNSON and SILAK, JJ., concur.

**2.** This holding is not inconsistent with *Fitzgerald v. Walker*, 121 Idaho 589, 826 P.2d 1301 (1992), in which this Court said a jury verdict will be upheld "if there is any theory upon which it can be based." *Id.* at 592, 826 P.2d at 1304. *Fitzgerald* involved a review of a denial of posttrial motions. That denial was reviewed to determine if "there was evidence to support the verdict" pursuant to I.R.C.P. 59(a)(6)—a different standard than what guides the Court in *DeGraff*. In addition, the approach in *Fitzgerald* involves different concerns than what guides the Court in *DeGraff*. In the present case, the Court is not

McDEVITT,* Justice, dissenting.

The Court is retrying this case. The jury found DeGraff a "trespasser." There was an abundance of evidence to support the jury having based its finding on Instruction 10(2a) that DeGraff's presence was not known nor reasonably anticipated. There is no basis to find the jury was mislead or went awry. "Reversible error only occurs when an instruction misleads the jury or prejudices a party." *Manning v. Twin Falls Clinic & Hosp.*, 122 Idaho 47, 51, 830 P.2d 1185, 1189 (1992) (citing *Salinas v. Vierstra*, 107 Idaho 984, 695 P.2d 369 (1985)). It is not PLAUSIBLE for me to join the Court's opinion.

concerned with determining which among several legitimate statements of the law guided the jury; rather, it is concerned with whether the jury may have been mislead by an erroneous statement of the law. The fact that it may not have been mislead does not mean this Court should assume it was not mislead. The general standard applicable in this case is whether the instruction fairly and adequately presented issues and stated applicable law.

* Justice McDevitt participated in this decision prior to his resignation.