**Bruce P. PAOLINI, Plaintiff–Appellant,**

v.

**ALBERTSON'S INC.; et al., Defendants–Appellees.**

Nos. 03–35724, 05–35804.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 25, 2008 *.

Filed Jan. 31, 2008.

Bruce P. Paolini, Virginia Beach, VA, pro se.

Stoel Rives, Boise, ID, J. Walter Sinclair, for Defendants–Appellees.

Before: B. FLETCHER and GOULD, Circuit Judges, and KING **, District Judge.

## MEMORANDUM ***

Plaintiff–Appellant Bruce P. Paolini appeals the district court's award of attorneys' fees to Defendants–Appellees Albertson's, Inc. and the Plan Administrator of Albertson's Amended and Restated Stock–Based Incentive Plan (hereinafter, "Albertson's"). In consolidated case No. 03–35724, Albertson's also seeks attorneys' fees incurred on appeal. In both appeals, Albertson's basis for the fees request is Idaho Code § 12–120(3), an Idaho statute that provides for recovery of attorneys' fees in civil actions on a "commercial transaction." *Id.* We reverse the district court's award of attorneys' fees under § 12–120(3) to Albertson's for defending against Paolini's claims related to the attempted exercise of stock options. We affirm the award of attorneys' fees for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Albertson's counterclaim to collect on a promissory note, but only for those fees actually attributable to that claim.

An award of attorneys' fees pursuant to state law is reviewed for abuse of discretion. *Johnson v. Columbia Prop. Anchorage,* 437 F.3d 894, 898–99 (9th Cir.2006). A district court's interpretation and application of a particular state statute to permit an award of attorneys' fees is, however, reviewed *de novo. Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). We review the applicability of § 12–120(3) to Paolini's and Albertson's claims *de novo. Resolution Trust Corp. v. Midwest Federal Sav. Bank,* 36 F.3d 785, 799 (9th Cir.1993) (*de novo* standard applies to whether the "application for attorneys' fees was proper under state law and [the parties' contract]").

■ The district court awarded fees to Albertson's for its defense of Paolini's claims four, five, nine and eleven. The district court reasoned that Albertson's was entitled to fees under § 12–120(3) for claims four, five, nine and eleven "based on the stock option agreement, because it is a type of employment contract and thus a commercial transaction[.]" The district court erred; § 12–120(3) is not applicable to these claims. First, contrary to the district court's stated basis for awarding fees, the stock option plan and agreements were not employment contracts—each of those agreements expressly disclaimed any right to employment. Second, although Paolini and Albertson's were engaged in a commercial relationship as employer-employee, this relationship does not automatically render Paolini's attempt to enforce option rights into claims based on a "commercial transaction." *Tolley v. THI Co.,* 140 Idaho 253, 92 P.3d 503, 512 (2004) ("[Idaho] precedent clearly states that a commercial transaction does not arise in every instance in which a commercial rela-

tionship exists."). We therefore reverse the district court's award of fees to Albertson's for defense of Paolini's claims four, five, nine and eleven.

■ Albertson's is, however, entitled to recovery of attorneys' fees for its promissory note counterclaim. § 12–120(3) (applicable to actions "to recover on … [a] note"). We affirm the $15,933.40 fee award for Albertson's counterclaim, the amount the district court found actually attributable to prosecution of that claim.

The district court's fee award included $142,165.37 for fees related to "procedural matters." This district court arrived at this figure by calculating fees on a pro rata basis for the five claims on which Albertson's had recovered attorneys' fees under § 12–120(3). The district court elected to calculate "procedural matter" fees pro rata because neither it nor Albertson's could "precisely allocate the fees between the work on procedural matters which relate to [claims on which Albertson's recovered] and the work on procedural matters which rekate [sic] to those claims for which the Court has not authorized attorneys' fees." We reverse the award of attorneys' fees for procedural matters in its entirety.

As the district court acknowledged, it is "difficult, if not impossible" to discern what amount of the procedural matter fees were incurred on a particular claim. And, in light of our disposition, even if procedural matter fees could be traced back to a particular claim, Albertson's would only be entitled to those fees connected to the promissory note counterclaim. Accordingly, we limit Albertson's fees for prosecution of its promissory note counterclaim in the district court to $15,933.40, the amount the court found actually attributable to that claim. *Brooks v. Gigray Ranches,* 128 Idaho 72, 910 P.2d 744, 751 (1996) (no award of fees under § 12–120(3) where fees attributable to contract claim "could

not be separated" from claims outside the scope of § 12–120(3)).

Finally, we deny Albertson's request for attorneys' fees on appeal. Because we substantially reverse the district court's fees order, Albertson's is not entitled to an award of attorneys' fees on appeal pursuant to § 12–120(3), notwithstanding our prior affirmance of the district court's merits decision. *J.R. Simplot Co. v. Rycair, Inc.,* 138 Idaho 557, 67 P.3d 36, 44–45 (2003).

Pursuant to Fed. R.App. P. 39 and Ninth Circuit R. 39–1, Paolini shall recover costs incurred in the appeal of attorneys' fees order and in responding to Albertson's request for fees on appeal. Fed. R.App. P. 39(a)(4) ("If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.").

AFFIRMED, in part; REVERSED, in part.