**In re LeMASTER, Thomas L. and LeMaster, Karon L., Debtors.**

**IDAHO FIRST NATIONAL BANK, N.A., a National Banking Association, Plaintiff,**

**v.**

**Thomas L. LeMASTER and Karon L. LeMaster, Defendants.**

**Bankruptcy No. 91–03662. Adv. No. 91–6283.**

United States Bankruptcy Court, D. Idaho.

Oct. 27, 1992.

See also 142 B.R. 927.

---

Kimbell D. Gourley, Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, Idaho, for plaintiff.

Howard R. Foley, Foley & Freeman, Meridian, Idaho, for debtors, defendants.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

Idaho First National Bank ("Bank") has moved for an award of attorney's fees arising out of this adversary proceeding to determine the nondischargeability of certain credit card debts. Thomas and Karon LeMaster, the debtors ("debtors"), object to such an award on two grounds: (1) the contract clause permits attorney's fees only for costs of collection, when debtors have never denied the debt; and (2) the Bank is not a prevailing party.

The Bank relies upon three bases of authority in support of its claim for attorney's fees: (1) the statement of the "American rule" in the holding of *Wetzel v. Goldsmith (In re Comstock)*, 16 B.R. 206 (Bankr.D.Idaho 1981); (2) Idaho Code 12–120 and 12–121; and (3) the language of the credit card agreement.

The *Wetzel* case, however, concerned the award of attorney's fees in a contract action removed to bankruptcy court from a state court. In this case neither the state statutes nor the contractual provisions are the applicable standard. "[T]he question of the applicability of the bankruptcy laws to particular contracts is not a question of the enforceability of a contract but rather involves a unique, separate area of federal law." *Collingwood Grain, Inc. v. Coast Trading Co., Inc. (In re Coast Trading Co., Inc.)*, 744 F.2d 686, 693 (9th Cir.1984) (creditor not entitled to attorney's fees pursuant to contract, where creditor sought to exercise state law right to reclaim goods under section 546). "[W]here the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Fobian v. Western Bank Farm Credit (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 3031, 120 L.Ed.2d 902 & — U.S. —, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). The Ninth Circuit has denied attorney's fees to the prevailing party in an action to determine nondischargeability under the predecessor to 11 U.S.C. § 523. *Grove v. Fulwiler (In re Fulwiler)*, 624 F.2d 908 (9th Cir.1980).

This action to determine nondischargeability did not consider the liability of the debtors for the debt (which the debtors have not challenged), but rather the dischargeability of that contractual debt under federal bankruptcy law. The Bank does not argue the debtors have acted in bad faith or for the purposes of harassment.

Accordingly, it is

ORDERED:

The plaintiff's amended petition for attorney's fees is denied.