In re James SROUFE and Becky Sroufe, husband and wife, Debtors.

Richard Jenkins, d/b/a Jenkins Building Supply, Plaintiff,

v.

Jim Sroufe and Becky Sroufe, husband and wife, Defendants.

Bankruptcy No. 98–41421.
Adversary No. 99–6029.

United States Bankruptcy Court, D. Idaho.

March 16, 2001.

Richard D. Vance, Pocatello, Idaho, for plaintiff.

Kent Whittington, Idaho Falls, Idaho, for defendants.

## MEMORANDUM OF DECISION RE PLAINTIFF'S PETITION FOR COSTS AND ATTORNEY FEES

JIM D. PAPPAS, Chief Judge.

### I. Background

Plaintiff Richard Jenkins, d/b/a Jenkins Building Supply filed a Petition for Costs and Attorney's Fees (Docket No. 24), to which Defendant Jim Sroufe objected (Docket No. 27). After a hearing on Plaintiff's Petition was conducted, the matter was taken under advisement.

### II. Facts

Prior to Defendant's Chapter 7 bankruptcy filing on November 20, 1998, Plaintiff sued Defendant in state court to collect an unpaid account for Defendant's pur-

chase of building materials from Plaintiff. On November 18, 1998, the state court granted Plaintiff a default judgment against Defendant in the amount of $12,254.35 plus interest and attorney's fees. On February 17, 1999, Plaintiff filed this adversary proceeding to determine whether the claim against Defendant and his spouse was nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. After a trial, this Court rendered its Memorandum of Decision on March 16, 2000 (Docket No. 21), finding a portion of the charges on the account, totaling $1,065.80 plus pre-judgment interest, to be excepted from discharge by Defendant Jim Sroufe in bankruptcy.[1] While sought by Plaintiff in his complaint, the Court deferred any determination of whether Plaintiff was entitled to an award of attorney fees and costs in connection with prosecution of the adversary proceeding until Plaintiff had properly submitted a memorandum of costs and attorney fees. *See* Order and Judgment (Docket No. 26). Plaintiff did file the Petition for Costs and Attorney's Fees on May 16, 2000, but did not schedule and notice a hearing on the Petition until January 15, 2001. A hearing on the Petition was finally conducted on February 27, 2001.

### III. Disposition

 There is no general right to attorney fees under the Bankruptcy Code. However, "a prevailing creditor in a nondischargeability proceeding is entitled to contractual attorney's fees under state law *if* the bankruptcy court adjudicates a contract action in connection with the bankruptcy court proceeding." *AT & T Universal Card Services v. Hung Tan Pham (In re Hung Tan Pham)*, 250 B.R. 93, 96

---

1. While the adversary proceeding was pursued against both Jim and Becky Sroufe, the Court made it clear in its Memorandum of Decision of March 16, 2000, that judgment was being entered against Defendant Jim Sroufe alone.

(9th Cir. BAP 2000) (emphasis in original). Additionally, "[A] prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.1997). Therefore, the Court turns to state law for guidance.

While not specifically cited by Plaintiff as a basis for an award of attorney fees, Rule 54(e)(1) of the Idaho Rules of Civil Procedure authorizes an award of attorney fees to a prevailing party when provided for by statute or contract. The Court will discuss both potential bases for an award of attorney fees in turn, followed by a discussion regarding allowable costs.

### A. Contractual basis for an award of attorney fees.

█ The application for credit signed by Defendant which enabled him to purchase goods on an open account included the following contractual provision:

> In consideration of being given such credit, now or at any other time, in the event I fail to pay the account when due and the account is placed either with an attorney or collection agency, I agree to pay all costs of collection, including court costs and reasonable attorneys fees incurred in the collection of this account with or without suit. . . .

Plaintiff's Exhibit 1, p. 2. However, in the adversary proceeding brought to determine whether the debt was nondischargeable, no issues relating to the enforceability or validity of the contract were litigated. Rather, all contract issues had been determined by the state court, and the only issue addressed here was whether Defendant made fraudulent misrepresentations in incurring the debt. "[W]here the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir.1991). In *Fobian*, the federal bankruptcy issue concerned an objection by a creditor to the confirmation of the debtor's Chapter 12 plan. The creditor prevailed on its objection and requested attorney fees based upon provisions in a promissory note and deed of trust executed by the debtor. *Id.* However, the court held that the litigation was not an "action on the contract," and therefore attorney fees would not be awarded pursuant to the provisions in the parties' contract. *Id.*

The issue peculiar to federal bankruptcy law in this case dealt with the dischargeability of Plaintiff's debt in Defendant's bankruptcy case. This Court has previously addressed this exact issue, applying *Fobian* in the context of an adversary proceeding brought to determine the dischargeability of a credit card debt. *Idaho First Natl Bank v. LeMaster (In re LeMaster)*, 92 I.B.C.R. 208, 147 B.R. 52 (Bankr.D.Idaho 1992). Despite a contractual provision allowing an award of attorney fees incurred in collection of the debt, the Court held that the creditor was not entitled to an award of attorney fees because the liability of the debtors for the debt was not at issue. Rather, only bankruptcy law had been applied. *Id.* at 209; 147 B.R. at 53. Similarly, in a very recent Ninth Circuit case, attorney fees were awarded to an ex-spouse, but only to the extent that the validity of a "hold harmless" provision in the divorce decree pursuant to state law was at issue; attorney fees incurred in litigating the "purely federal" issue regarding the applicability of Section 523(a)(15) were not allowed. *Renfrow v. Draper*, 232 F.3d 688, 696 (9th Cir.2000).

The instruction provided by these and other decisions make it clear that here Plaintiff is not entitled to fees based upon contract.

## B. Statutory basis for an award of attorney fees.

In the alternative, a prevailing party may be entitled to recover attorney fees in a bankruptcy adversary proceeding pursuant to Idaho Code § 12–120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and allowed as costs.

I.C. § 12–120(3). At first blush, any action to collect on an open account which Defendant failed to pay would appear to entitle Plaintiff to an award of reasonable attorneys fees. However, even if an open account or other commercial transaction is somehow involved in the relations between the parties, the Idaho case law makes it clear that a nexus is required between the commercial transaction and the lawsuit:

> A court is not required to award reasonable attorney fees every time a commercial transaction is connected with a case. 'The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute a basis upon which the party is attempting to recover.'

*Bingham v. Montane Resource Assoc.*, 133 Idaho 420, 426, 987 P.2d 1035, 1041 (1999) (quoting *Ervin Construction Co., v. Van Orden*, 125 Idaho 695, 704, 874 P.2d 506, 515 (1993)); *see also Brower v. E.I. Du-*

*Pont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). "To hold otherwise would be to convert the award of attorney's fees from an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filed." *Brower*, 117 Idaho at 784, 792 P.2d at 349.

Additionally, the Idaho Supreme Court has specifically limited the application of § 12–120(3) when the "commercial transaction" actually sounded in tort. For instance, in a legal malpractice case, the court disallowed attorney fees. While the underlying transaction was a contract for legal services, the lawsuit was based in tort, for which Idaho law requires each party to bear their own attorney fees, regardless of who prevailed. *Rice v. Litster*, 132 Idaho 897, 901, 980 P.2d 561, 564–65 (1999); *see also Fuller v. Wolters*, 119 Idaho 415, 807 P.2d 633 (1991).

In another Idaho case, the court disallowed attorney fees when the lawsuit was one for misrepresentation and product liability, even though a purchase of herbicide was underlying the action. The court reasoned that the case did not sufficiently revolve around a commercial transaction so as to implicate the terms of Idaho Code § 12–120(3). *Brower*, 117 Idaho at 784, 792 P.2d at 349.

This Court faced a very similar issue where a creditor had sued a debtor before bankruptcy in state court alleging the debtor's fraudulent misrepresentations induced Creditor to purchase one-half of debtor's assets. The Court observed:

> "Creditor's contract claims were incidental to the tort claims, and ... the gravamen of Creditor's suit was Debtor's alleged fraudulent misrepresentations, a classic tort. Since the essential purpose of the lawsuit was to determine whether Debtor's agent engaged in tortious con-

duct, the Court cannot say that the action was so related to a commercial transaction so as to bring Idaho Code § 12–120(3) into play. Put differently, when the claim, as reflected in the claimant's complaint, is stated as a tort, attorney fees will not be available under Section 12–120(3) even though the action arose in a commercial context."

*In re West One Mineral,* 96.1 I.B.C.R. 12, (Bankr.D.Idaho 1996) (citations omitted).

Here, while the underlying transaction was a commercial transaction in the form of an open account, the theory advanced by Plaintiff to support an exception to discharge was that Defendant made fraudulent misrepresentations to Plaintiff about payment of the account to induce Plaintiff to grant Defendant credit. While the account is based upon a contract (*i.e.,* Defendant's promise to pay), the basis of Plaintiff's claim here is fraud, a tort. Therefore, under these facts, Plaintiff is also not entitled to an award of attorney fees pursuant to I.C. § 12–120(3).

### C. Costs

■ Plaintiff also seeks to recover his costs incurred in this adversary proceeding pursuant to Fed.R.Bankr.P. 7054(b),[2] which allows the Court to award costs to the prevailing party. The Local Rules define the term "prevailing party" as "the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." L.B.R. 7054.1(b). As the Court interprets

---

**2.** Plaintiff has asserted other bases for an award of costs which will not be discussed in this order as they are inapplicable.

**3.** Regarding the copying charges claimed, L.B.R. 7054.1(c)(5) lists the following as properly taxable: *"Copies of Papers and Exhibits* The cost of an exhibit necessarily attached to

it, under this definition, Plaintiff was the party in whose favor judgment was ultimately rendered in this action, and therefore can be considered the prevailing party, even though only a portion of the state court judgment debt was determined to be nondischargeable.

■ Plaintiff requested recovery of the following costs:

| | |
|---|---|
| Filing Fee | $150.00 |
| Copies | 48.30 |
| Telephone | 29.00 |
| Facsimile | 52.00 |
| Postage, Supplies and Reports | 54.42 |

However, the only cost claimed by Plaintiff which is specifically taxable pursuant to L.B.R. 7054.1(c) is the filing fee of $150.00. Costs for faxes, copies, postage, and telephone calls do not appear properly taxable under this rule.[3] L.B.R. 7054.1(c); *Palmer v. Downey (In re Downey),* 00.1 I.B.C.R. 36, 37, n. 3 (Bankr.D.Idaho 2000). Therefore, Plaintiff is entitled to an award of costs in the amount of $150.00. No other costs will be allowed.

### IV. Conclusion

For all of the foregoing reasons, Plaintiff's Petition for Costs and Attorney's Fees (Docket No. 24) will be granted in part. Plaintiff's request for an award of costs in the amount of $150.00 for filing fees will be allowed. All other relief requested will be denied. A separate order will be entered.

---

a document (or made part of a deposition transcript) required to be filed and served is taxable." However, Plaintiff has not shown that the copying charges claimed were incurred for copying exhibits used at trial. Absent such showing, they will not be allowed.