Bobby HOLSAPPLE, Barbara Holsapple, and Glen Randolph, Appellants,

v.

James McGRATH and McGRATH & McGRATH, P.C., Appellees.

No. 96–943.

Supreme Court of Iowa.

March 25, 1998

W. Michael Murray and William H.K. Mooney of Murray, Jankins & Noble, Des Moines, for appellants.

Kasey W. Kincaid of Faegre & Benson, L.L.P., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Barbara and Bobby Holsapple and Glen Randolph appeal from the district court's grant of summary judgment in favor of James McGrath and his law firm McGrath & McGrath. We find the district court erred in concluding no genuine issue of material fact existed with respect to the claim regarding the deed prepared by McGrath. However, we find the court was correct in its ruling with respect to the claims regarding negligence in drafting the will. We affirm in part, reverse in part, and remand.

### I. Background Facts and Proceedings.

The death of Beulah DeVoss on November 29, 1988 has spawned a decade of litigation. This is the third time we have visited issues surrounding the partially executed deeds, and will she left behind at her death. Like the mythical Phoenix, new questions continue to arise from the remains of prior decisions. Sadly, our resolution of the issues before us will not end the litigation. For the sake of brevity our recitation of the facts will be limited. For a more detailed picture, see In re Estate of DeVoss, 474 N.W.2d 539 (Iowa 1991), and Holsapple v. McGrath, 521 N.W.2d 711 (Iowa 1994) [hereinafter Holsapple I ].

On October 28, 1988, after examination by her physician at McGrath's suggestion, DeVoss went to McGrath's law office and in his presence signed three quitclaim deeds and executed a new will. The deeds purported to quitclaim DeVoss' interest in farms she owned to the Holsapples and Randolph, her long-time tenants. The deeds were signed by DeVoss but not dated, notarized, recorded, or delivered. After DeVoss signed the deeds, McGrath, for reasons which are disputed, placed the deeds in his office safe. There was no provision in DeVoss' will for the farms to pass to the Holsapples or Randolph.

In addition to giving them the farm, there is extrinsic evidence that suggests DeVoss intended to pay farming debts owed by the Holsapples. However, there was no provision in the will for the payment of the debts.

On appeal, the Holsapples and Randolph make two claims: (1) that McGrath was negligent in the execution of the deeds; and (2) that McGrath was negligent in preparing DeVoss' will. McGrath filed a summary judgment motion with respect to both claims. The district court found no genuine issue of material fact existed as to either issue and granted the motion.

### II. Scope of Review.

Summary judgment is appropriate if there appears to be no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c).

We examine the record before the district court to decide whether a genuine issue of material fact exists and whether the court correctly applied the law. In doing so, we view the facts in the light most favorable to the party opposing the motion for summary judgment. Summary judgment is proper when the only conflict concerns the legal consequences flowing from undisputed facts.

*McLain v. State,* 563 N.W.2d 600, 603 (Iowa 1997). "Every legitimate inference that can be reasonably deduced from the evidence

should be afforded the party resisting a summary judgment motion, and a fact question is generated if reasonable minds could differ on how the issue should be resolved." *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988).

### III. *The Deeds.*

■ Ordinarily, an attorney owes a duty of care only to his client. *Schreiner v. Scoville*, 410 N.W.2d 679, 681 (Iowa 1987). We have recognized a few limited exceptions to this general rule. One exception involves the preparation of testamentary instruments. *Id.* at 683. A second allows intended beneficiaries of nontestamentary instruments to recover damages based on negligent preparation of the instrument if he or she can prove: (1) that he or she was specifically identified, by the donor, as an object of the grantor's intent; and (2) the expectancy was lost or diminished as a result of professional negligence. *Holsapple I*, 521 N.W.2d at 714.

■ Here, the district court found no evidence in the record of the requisite elements. The Holsapples and Randolph contend evidence of the first element is satisfied by the deeds themselves and the ruling in the initial probate action.[1] The ruling in the initial probate action found DeVoss, when she signed the deeds, had the intent to make a valid present gift. The Holsapples argue the finding of the probate court is res judicata as to the first element. We disagree. As the district court stated "[t]he court did not address whether McGrath owed a duty of care to the [Holsapples and Randolph] in giving effect to DeVoss' intent or whether he breached any such duty." Whether the Holsapples can prove the first element is a matter yet to be determined.

■ The Holsapples and Randolph also argue the district court overlooked evidence of the second element contained in McGrath's notes. McGrath's billing statement for the day DeVoss signed the deeds contains the following statement "picked up client, delivered to Dr.; executed will and deeds." In a memorandum detailing his work for DeVoss that day, McGrath wrote:

> Beulah told me what farms she wants to give to various grantees. I was able to get the deeds ready for today though it hurried us. I think executing them today is just as appropriate as executing the will is in that there is no question as to her condition.

The billing statement and the memorandum detailing his interaction with DeVoss at his office, when viewed in the light most favorable to the Holsapples and Randolph, can be construed to show that McGrath thought the deeds had been properly executed.

McGrath contends he was merely carrying out DeVoss' wishes in retaining the deeds. He claims that DeVoss wanted to make gifts to her tenants near Christmas time and that the placing of the deeds in his safe after she signed them was done at her instruction. As did the plaintiff in *Schreiner v. Scoville*, the Holsapples and Randolph argue McGrath's failure to fully explain to DeVoss the consequences of her actions constituted negligence. The Holsapples and Randolph were prepared to offer expert testimony on the issue. In answers to McGrath's interrogatories, the experts opined:

> A reasonably competent lawyer would not advise an elderly client to delay making major gifts until Christmas if the client expressed an intent to make a gift. . . . A reasonably competent lawyer would fully explain the potential adverse consequences of the delaying delivery of a deed or a gift.

It is abundantly clear in the record that DeVoss intended to give the farms to the Holsapples and Randolph. If McGrath failed to inform DeVoss of the consequences of not completing the deeds or providing in the will for the farms to go to her tenants, his actions could constitute negligence. We find summary judgment was inappropriately granted as to the alleged negligent preparation of the deeds.

---

1. In the initial probate action the person who would have received the farms under the will relinquished any claim he had on the land and the court ordered McGrath to complete the acknowledgment and sign and affix his seal as notary public and physically deliver the deeds to the grantees.

## IV. *The Will.*

■ For third parties to maintain a cause of action against the preparer of a testamentary instrument, they must prove that "as a direct result of the lawyer's professional negligence the testator's intent *as expressed in the testamentary instruments* is frustrated in whole or in part and the beneficiary's interest in the estate is either lost, diminished, or unrealized." *Schreiner,* 410 N.W.2d at 683 (emphasis added). This rule is carefully limited so as to not "expose lawyers to a virtually unlimited potential for liability." *Id.* at 681.

■ It is undisputed that the will made no provision whatsoever for the Holsapples or Randolph. They contend the will should have contained a provision gifting the land to them and argue a provision should have provided for the payment of their debts. These claims are without merit. The will did not demonstrate DeVoss intended to gift the Holsapples or Randolph any property. Extrinsic evidence cannot be used to supply the intent element where the will does not.

> If the testator's intent, as expressed in the testamentary instruments, is fully implemented, no further challenge will be allowed. Thus, a beneficiary who is simply disappointed with what he or she received from the estate will have no cause of action against the testator's lawyer. This limitation, which protects the integrity and solemnity of an individual's testamentary instruments as well as the testator's express intent, will not apply if the lawyer concedes negligence.

*Id.* at 683.

We find summary judgment was properly granted as to the negligence claim with respect to the preparation of the will.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**