980 P.2d 561

**Roy RICE, individually, and Roy Rice, d/b/a Vista Pawn, Plaintiffs–Appellants,**

v.

**William J. LITSTER, Law Offices of William J. Litster, P.A., and Does I through VI, unknown parties, Defendants–Respondents.**

No. 24667.

Supreme Court of Idaho,
Boise, February 1999 Term.

May 25, 1999.

Sallaz Law Offices, Chtd., Boise, for appellants. Thomas R. Henry argued.

Strother Law Office, Boise, for respondents. Jeffrey A. Strother argued.

SCHROEDER, Justice.

This appeal arises from a legal malpractice action brought by Roy Rice (Rice) against the Law Offices of William J. Litster, P.A. (Litster). The district court dismissed Rice's malpractice claim on summary judgment after ruling that his claim was time barred pursuant to section 5–219(4) of the Idaho Code (I.C.). The Court affirms the decision of the district court.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Rice hired Litster to represent him in two separate actions, *Cannon Builders, Inc. v. Rice,* Case No. 93595 (Ada Dist. Ct.) and *Crooks Industries, Inc. v. Rice,* Case No. 93407 (Ada Dist. Ct.). The actions were consolidated for trial (hereinafter referred to as the "Cannon litigation"). Following the trial, the jury returned a verdict on January 13, 1993, in favor of Cannon and against Rice in the amount of $7,348.17. The trial court entered judgment on February 11, 1993, and the judgment was recorded on March 3, 1993. An amended judgment including costs, attorney fees and interest was entered and recorded on March 19, 1993. A writ of execution was issued on April 13, 1993. Rice

obtained an order to stay enforcement of the judgment pending an appeal, and the writ and the attachment were quashed.

On May 3, 1993, the law firm of Sallaz, Doolittle & Gordon (Sallaz) replaced Litster as counsel of record for Rice in the district court, and on May 7, 1993, Sallaz replaced Litster as counsel of record for Rice in the appeal of the Cannon litigation. On January 19, 1995, the Court of Appeals issued an opinion affirming the judgment against Rice. *Cannon Builders, Inc. v. Rice,* 126 Idaho 616, 888 P.2d 790 (Ct.App.1995).

Rice filed a complaint for malpractice against Litster on April 18, 1995, alleging that Litster had acted negligently in handling his case both during the trial and post-trial level. Litster filed two motions for summary judgment, arguing that Rice's complaint should be dismissed because Rice had failed to file the complaint prior to the expiration of the two-year statute of limitations, I.C. § 5–219(4). The district court granted Litster's motions and entered a written order dismissing the case with prejudice on March 18, 1998. The district court ruled that Rice had suffered "some damage" when the jury verdict was rendered against him on January 13, 1993, and, at the very latest, on March 19, 1993, when the amended judgment was recorded as a lien on Rice's property. Because Rice did not file his malpractice claim within two years following March 19, 1993, the district court concluded that Rice's claim was time barred.

Rice appeals, raising the following issues: (1) whether the district court erred in determining that his malpractice claim was time barred under I.C. § 5–219(4), and (2) whether Litster should be equitably estopped from invoking the statute of limitations in I.C. § 5–219(4).

## II.

### STANDARD OF REVIEW

When this Court reviews the district court's ruling on a motion for summary judgment, it employs the same standard properly employed by the district court when originally ruling on the motion. *Smith v. Meridian Joint Sch. Dist. No. 2,* 128 Idaho 714, 718,

918 P.2d 583, 587 (1996); *City of Chubbuck v. City of Pocatello,* 127 Idaho 198, 200, 899 P.2d 411, 413 (1995). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c); *Mutual of Enumclaw v. Box,* 127 Idaho 851, 852, 908 P.2d 153, 154 (1995). Both this Court and the district court shall liberally construe the record in favor of the party opposing the motion for summary judgment, drawing all reasonable inferences and conclusions supported by the record in favor of that party. *City of Chubbuck,* 127 Idaho at 200, 899 P.2d at 413.

## III.

### THE DISTRICT COURT PROPERLY CONCLUDED THAT RICE'S MALPRACTICE CLAIM IS TIME BARRED.

The statute of limitations on a professional malpractice claim is set forth in I.C. § 5–219(4). Under section 5–219(4), "the statute of limitations ... expire[s] two years following the occurrence, act or omission complained of, barring fraudulent or knowing concealment of the injury, and will not be extended due to any continuing consequences, resulting damages, or continuing professional relationship." *Fairway Dev. Co. v. Petersen, Moss, Olsen, Meacham & Carr,* 124 Idaho 866, 868, 865 P.2d 957, 959 (1993). Although not expressly stated in the statute, " 'this Court has interpreted the law to require 'some damage' before the action accrues and the limitation period begins to run.' " *Id.* (quoting *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991)). This Court has also interpreted the statute to mean that " 'an action for professional malpractice shall be deemed to have accrued for the purpose of I.C. § 5–219(4) only when there is *objective proof* that would support the existence of some actual damage.' " *Id.* (quoting *Chicoine v. Bignall,* 122 Idaho 482, 487, 835 P.2d 1293, 1298 (1992)).

■ Rice argues that he did not suffer any actual damages until the judgment against him was affirmed on appeal. Because he

filed his malpractice complaint within two years after the appellate court decision was rendered, he contends that his claim was timely.

A similar argument was made and rejected in *Fairway Development Co. v. Petersen, Moss, Olsen, Meacham & Carr*, 124 Idaho 866, 865 P.2d 957 (1993). The following is a summary of the factual and procedural background in *Fairway:*

> In 1980, Fairway hired Petersen to challenge tax assessments made against certain property Fairway owned. Over the next several years Petersen filed challenges with the Bannock County Board of Equalization and notices of appeal with the Board of Tax Appeals. Petersen also filed an action in district court to recover taxes which Fairway had already paid under protest; summary judgment was ultimately granted in favor of Bannock County. Fairway appealed to this Court which remanded the case back to the district court for a determination of whether the appraisal method employed by the county considered the actual and functional use of the property. *Fairway Development Company v. Bannock County*, 113 Idaho 933, 750 P.2d 954 (1988).
>
> On remand, the district court did not reach the issue of the appropriate appraisal method and instead ruled that it did not have subject matter jurisdiction to hear the tax assessment claims because Fairway had failed to exhaust all administrative remedies. The district court dismissed Fairway's claims for 1980–1984. Thus, as of November 3, 1988, when the district court dismissed the claims, Fairway lost its ability to pursue litigation on the dismissed tax assessment claims because the time to appeal properly through administrative channels had already expired. Fairway, represented by Petersen, appealed the district court's decision. On November 28, 1990, this Court affirmed the decision dismissing Fairway's tax claims. *Fairway Development Co. v. Bannock County*, 119 Idaho 121, 804 P.2d 294 (1990).
>
> . . . .
>
> On December 12, 1991, Fairway filed suit against Petersen alleging Petersen committed malpractice. On October 2, 1992, the district court ruled Fairway suffered "some damage" when the district court dismissed Fairway's tax assessment claims in November of 1988. Accordingly, the district court dismissed Fairway's malpractice claim against Petersen as time barred by the statute of limitations, I.C. § 5–219(4), as of November 3, 1990.

*Id.* at 867–68, 865 P.2d at 958–59 (footnote omitted).

Fairway appealed the dismissal, relying on *Chicoine v. Bignall*, 122 Idaho 482, 835 P.2d 1293 (1992), to support its argument that the statute of limitations does not begin to run on a legal malpractice action until the court of last resort renders a final decision. The Court concluded in *Fairway* that this was "an incorrect reading of *Chicoine.*" *Id.* at 869, 865 P.2d at 960. The Court distinguished *Chicoine* by pointing out that

> Chicoine prevailed at the trial court level and, thus, did not suffer "some damage" until a decision was rendered by this Court which reversed the earlier trial court decision in Chicoine's favor. The trial court granted Chicoine's motion for a new trial; Chicoine lost nothing prior to the ruling by this Court.

*Id.* (citation omitted). Unlike Chicoine, Fairway did not prevail at the trial court level. According to the *Fairway* court, "[a]s of November 3, 1988, Fairway lost its *right to pursue* the tax assessment claims at trial, regardless of whether those claims were ever found to be of merit. . . . When the district court dismissed Fairway's tax claims, Fairway's malpractice claim accrued." *Id.* The Court stated:

> We . . . recognize Fairway was still appealing the district court's dismissal of its tax claims in the November 3, 1988, decision. . . . [However, b]ecause Fairway did not know how much damage it suffered in dollars or which claims could be revived on appeal does not diminish the conclusion that Fairway suffered some actual damage by November 3, 1988.
>
> Accordingly, we hold there is objective proof that Fairway suffered some actual damage when the district court dismissed Fairway's claims on November 3, 1988.

The statute of limitations ran on November 3, 1990. Fairway's malpractice claim was not filed until December, 1991, and was time barred.

*Id. See also Webster v. Hoopes,* 126 Idaho 96, 99, 878 P.2d 795, 798 (Ct.App.1994) (relying on *Fairway,* the Court of Appeals held that the fact that the appellants did not know which defenses or counterclaims could be revived on appeal did not diminish the fact that the appellants had suffered some actual damage on June 7, 1989, when summary judgment was entered against them in the underlying action).

Rice did not prevail at the trial court level. Rice suffered some actual damage on February 11, 1993, when the judgment in the Cannon litigation was entered against him. Even if Rice did not know whether his counterclaim or defenses would be revived on appeal, this does not diminish the conclusion that he suffered some actual damage on February 11, 1993. *Fairway,* 124 Idaho at 869, 865 P.2d at 960. The statute of limitations expired on February 11, 1995. Rice's malpractice claim was not filed until April 18, 1995. Therefore, his claim was time barred.

### IV.

### RICE IS PRECLUDED FROM RAISING THE ISSUE OF EQUITABLE ESTOPPEL FOR THE FIRST TIME ON APPEAL.

"[W]hen professional malpractice involves fraudulent or intentional concealment of the wrongdoing, even when the initial wrongdoing is merely negligent, the statute of limitations contained in I.C. § 5–219(4) is tolled until the injured party 'knows or in the exercise of reasonable care should have been put on inquiry regarding the ... matter complained of.'" *McCoy v. Lyons,* 120 Idaho 765, 772, 820 P.2d 360, 367 (1991).

■ Rice did not allege fraudulent or intentional concealment in his malpractice complaint, nor did he raise the issue of equitable estoppel in his objection to Litster's motions for summary judgment or during oral argument before the district court. An issue presented for the first time on appeal will not be considered by this Court. *Smith,* 128 Idaho at 720, 918 P.2d at 589.

### V.

### LITSTER'S REQUESTS FOR ATTORNEY FEES ON APPEAL ARE DENIED.

Litster requests an award of attorney fees on appeal pursuant to I.C. §§ 12–120(3) and 12–121.

■ Section 12–120(3) provides for an award of attorney fees to the prevailing party in a civil action to recover on any commercial transaction. The term "commercial transaction," as defined by I.C. § 12–120(3), includes all transactions except transactions for personal or household purposes. Litster relies on *Griggs v. Nash,* 116 Idaho 228, 775 P.2d 120 (1989), to support his argument that an award of attorney fees in a legal malpractice action is proper under I.C. § 12–120(3) because a contract for attorney services involves a commercial transaction. However, in *Fuller v. Wolters,* 119 Idaho 415, 807 P.2d 633 (1991), this Court clarified its holding in *Griggs* and decided "that an action for legal malpractice is a tort action, and even though the underlying transaction which resulted in the malpractice was a 'commercial transaction,' attorney fees under 12–120(3) are not authorized." *Id.* at 425, 807 P.2d at 643. The *Fuller* court distinguished the decision in *Griggs* by pointing out that neither party in *Griggs* had asserted that a malpractice action was basically a tort rather than a "commercial transaction." *Id.* The Court in *Fuller* agreed with the trial court's statement that "under our present statute, 'tort actions are essentially actions in which the parties bear their own attorney's fees, regardless of [who] prevail[ed].'" *Id.* The *Fuller* rule has been continuously applied to reject claims for attorney fee awards in legal malpractice actions. *See Smith v. David S. Shurtleff & Assoc.,* 124 Idaho 239, 858 P.2d 778 (Ct.App. 1993).

■ Under section 12–121, an award of attorney fees on appeal is appropriate only if this Court is left with the abiding belief that

the appeal was brought or pursued frivolously, unreasonably, and without foundation. *See Anson v. Les Bois Race Track, Inc.,* 130 Idaho 303, 305, 939 P.2d 1382, 1384 (1997). Where an appeal turns on questions of law, an award of attorney fees under this section is proper if the law is well settled and the appellant has made no substantial showing that the district court misapplied the law. *Andrews v. Idaho Forest Indus., Inc.,* 117 Idaho 195, 198, 786 P.2d 586, 589 (Ct.App. 1990). The Court does not believe this appeal was frivolously pursued. Although *Fairway* is instructive with respect to when the statute of limitations begins to run for a legal malpractice action, *Fairway* did not address the specific question raised in this appeal, which is, at what point is there objective proof that an individual has suffered some actual damage following a jury trial? Because this specific question has not been addressed by this Court, Litster's request for an award of attorney fees under section 12–121 is denied.

## VI.

## CONCLUSION

The district court's order dismissing Rice's malpractice complaint on the basis that it was time barred is affirmed. The issue of equitable estoppel will not be considered by this Court because it was not raised below. No attorney fees are awarded. Costs are awarded to the respondent.

Chief Justice TROUT and Justices SILAK, WALTERS, and KIDWELL concur.