## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37123

| | | |
|---|---|---|
| **MARY KILLINS SOIGNIER,** | ) | **Boise, April 2011 Term** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **2011 Opinion No. 79** |
| | ) | |
| **v.** | ) | **Filed: June 30, 2011** |
| | ) | |
| **W. KENT FLETCHER,** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | **SUBSTIUTE OPINION. THE** |
| | ) | **COURT'S PRIOR OPINION** |
| | ) | **DATED JUNE 2, 2011 IS** |
| _____ | ) | **HEREBY WITHDRAWN** |

Appeal from the district court of the Fifth Judicial District of the State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

The judgment of the district court is <u>affirmed in part</u> and <u>reversed in part</u>. Attorney fees and costs on appeal are not awarded to either party.

Ellis, Brown & Shields, Chtd., Boise, and Strother Law Office, Boise, for Appellant. Jeffrey Strother argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for Respondent. Michelle Points argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

Mary K. Soignier appeals the district court's decision to grant summary judgment to W. Kent Fletcher, an attorney, on her claim for legal malpractice. She asserts that Fletcher negligently failed to ensure that a will he prepared conveyed to her the proceeds of a trust of which the decedent was a beneficiary until shortly before the decedent's death. Since Fletcher adequately effectuated the testator's intent as expressed in the will itself, the district court was correct to grant him summary judgment on the malpractice claim. However, this Court vacates the district court's grant of attorney fees under I.C. § 12-120(3), as the malpractice claim in this case does not stem from a commercial transaction.

1

## II. Factual and Procedural Background

Attorney W. Kent Fletcher represented the decedent, Zachary A. Cowan, for several years until Cowan's death in October of 2006. During his lifetime, Cowan was the beneficiary of a trust that his mother provided for him, known as the Leonarda A. Cowan Trust (the "Cowan Trust"). The terms of the Cowan Trust provided that the trust would persist until Cowan reached age fifty, at which time it was to terminate and most of its assets were to be distributed to Cowan. Cowan's fiftieth birthday was in 2003, and on March 4, 2005, he signed a Final Release and Discharge agreement in which he terminated his interest in the trust. Cowan did not have any beneficial interests in any other trusts.

Shortly after terminating his interest in the Cowan Trust, Cowan instructed Fletcher to prepare his Last Will and Testament. The will provided that all of Cowan's remaining beneficial interests in any trusts be devised to Mary Killins Soignier, Appellant. It also referred to a written list of items and intended recipients that was never located. The American Cancer Society was named as the residual devisee for all of Cowan's other property.

Soignier filed a claim against Cowan's estate for the proceeds from the Cowan Trust, which the magistrate rejected. The magistrate found that, because the trust had terminated, the will unambiguously conveyed any assets that remained in Cowan's estate to the American Cancer Society.

Believing that Cowan intended to leave the trust assets to her, Soignier asserted this claim for legal malpractice against Fletcher in 2009. The district court granted summary judgment to Fletcher, ruling that there was no genuine issue of fact as to whether the will frustrated Cowan's intent. The court also granted Fletcher's request for attorney fees under I.C. § 12-120(3).

Soignier appealed to this Court, contending that Fletcher negligently failed to carry out Cowan's wishes by inaccurately describing his trust assets. She further contends that it was improper to award fees under I.C. § 12-120(3) because she was never engaged in a commercial transaction with Fletcher. Fletcher responds that the will was not deficient in giving effect to Cowan's intent to leave any remaining trust interests to Soignier and, additionally, that the fee award was correct because Soignier's claim arises directly from a transaction for legal services between Fletcher and Cowan.

## III. Issues on Appeal

1.  Whether the district court correctly granted summary judgment to Fletcher on Soignier's claim for legal malpractice by finding that no breach had occurred.

2

**2.** Whether Fletcher was entitled to attorney fees below under I.C. § 12-120(3) for defending against the legal-malpractice claim.

**3.** Whether either party is entitled to attorney fees on appeal under I.C. § 12-120(3).

## IV. STANDARD OF REVIEW

This Court applies the same standard as the district court when ruling on a motion for summary judgment. *Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 890, 243 P.3d 1069, 1078 (2010). Summary judgment is proper if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Lattin v. Adams Cnty.*, 149 Idaho 497, 500, 236 P.3d 1257, 1260 (2010).

## V. ANALYSIS

**A. The District Court Correctly Granted Summary Judgment to Fletcher Because He Did Not Breach a Duty to Soignier**

There are four elements to a legal-malpractice claim: (1) there is an attorney-client relationship between the plaintiff and defendant; (2) the defendant lawyer owed a duty of care to the plaintiff; (3) the lawyer breached the duty; and (4) the lawyer's negligence was a proximate cause of the client's damage. *Johnson v. Jones*, 103 Idaho 702, 706, 652 P.2d 650, 654 (1982). Here, the parties do not dispute that the first two elements are present in this case, as Idaho recognizes an exception to the traditional requirement that the plaintiff have been in privity with the defendant lawyer in order to expect the lawyer to owe him or her a professional duty of care. In *Harrigfeld v. Hancock*, 140 Idaho 134, 90 P.3d 884 (2004), this Court extended the attorney's duty to non-clients who are named or identified as beneficiaries in a testamentary instrument. 140 Idaho at 138, 90 P.3d at 888.

The pivotal issue in this appeal is whether Fletcher breached his duty of care to Soignier by drafting a will that leaves to her interests in trusts when the decedent had no such interests. *Harrigfeld* explained that the attorney's duty to a testamentary beneficiary requires the attorney to "effectuate the testator's intent *as expressed in the testamentary instruments*." *Harrigfeld*, 140 Idaho at 138, 90 P.3d at 888 (emphasis added). The attorney must properly draft and execute the

3

will and other instruments, but only to effectuate the testator's intent as expressed within those documents. *Estate of Becker v. Callahan*, 140 Idaho 522, 526, 96 P.3d 623, 627 (2004).

As there is no genuine issue of material fact as to whether Fletcher breached a duty to Soignier, the district court properly granted summary judgment. The relevant portion of the will is entitled "Residue," and reads:

> All of the rest, residue and remainder of my property which I own or have any interest in whatever at the time of my death, other than beneficial interests in trusts, I give, bequeath, and devise to the American Cancer Society. All beneficial interests that I have in any trusts I give, bequeath and devise to Mary [Killins Soignier]. I exercise any power of appointment that I might hold and appoint Mary [Killins Soignier].

The parties agree that the will's language is unambiguous and that it was properly executed. The unambiguous intent of the testator, as it appears in the will, was to leave all beneficial interests in any trusts to Soignier if any so exist. The will does not mention the Cowan Trust, likely because it is a residuary clause not intended to bequeath any specific assets. Rather, it simply devises any trust assets to Soignier that have not already been disposed of in any other testamentary instrument. *See Matter of Estate of Kirk*, 127 Idaho 817, 829, 907 P.2d 794, 806 (1995) (interpreting a residuary clause in light of the strong presumption against intestacy). This clause effectuated the testator's expressed intent to make Soignier the residual devisee of any beneficial trust interests Cowan had at his death. The fact that no interests actually existed did not render the will deficient for its expressed purpose.

Soignier believes that Cowan intended to leave her the Cowan Trust assets. The main thrust of her appeal is that attorneys have an ongoing duty to monitor the status of the property that the testator includes in his or her will and notify their clients whenever it appears that the client may not understand the nature of their ownership interests. In her view, Fletcher was negligent by not checking the trust documents to see whether the Cowan Trust had already terminated before Cowan passed away. She also argues that Fletcher negligently failed to explain to Cowan that Cowan had no remaining beneficial interests in any trusts.

Soignier's arguments have already been rejected by this Court. First, Soignier presumes that Cowan intended to do something other than what was unambiguously expressed in his will. In *Harrigfeld*, however, this Court expressly held that attorneys have "no duty to see that the testator distributes his or her property among the named beneficiaries in any particular manner." 140 Idaho at 138, 90 P.3d at 888. In other words, lawyers have no duty to testamentary

4

beneficiaries with regard to what share they receive from the testator's estate, if any. *Becker*, 140 Idaho at 526, 96 P.3d at 627. It is immaterial to Soignier's legal-malpractice claim whether she believes that Cowan intended to leave her assets that he did not identify in his will. *See Holsapple v. McGrath*, 575 N.W.2d 518, 521 (Iowa 1998) (holding that an attorney was not liable to plaintiffs for not including in the decedent's will certain real-estate assets the plaintiffs thought they would receive). Attorneys do not have to postulate whether a testator intended to do something other than what is expressed in the will.

Second, Soignier assumes that Cowan did not understand the nature of the assets he was leaving to Soignier. Again, *Harrigfeld* stated that "a testator who has sufficient mental capacity to make a valid will can also understand how his or her property will be distributed under the testamentary documents." 140 Idaho at 138, 90 P.3d at 888. Cowan is presumed to have understood that he was leaving a residuary interest to Soignier and not the specific assets he received as a distribution from the Cowan Trust. Thus, attorneys have no ongoing duty to monitor the legal status of the property mentioned in a testamentary instrument. The district court correctly granted summary judgment to Fletcher on Soignier's claim for legal malpractice.

**B.      Fletcher Is Not Entitled to Attorney Fees Below Under I.C. § 12-120(3)**

Soignier challenges the district court's grant of attorney fees to Fletcher under I.C. § 12-120(3). This provision requires attorney-fee awards for the prevailing party in a civil action in "any commercial transaction." I.C. § 12-120(3).[1] "The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." *Id.* The commercial transaction must be integral to and the basis upon which a party is attempting to recover. *Lee v. Nickerson*, 146 Idaho 5, 12, 189 P.3d 467, 474 (2008).

Until recently, this Court held that prevailing parties could not win attorney fees in tort actions under § 12-120(3), including legal-malpractice actions. *See Rice v. Litster*, 132 Idaho 897, 901, 980 P.2d 561, 565 (1999) (denying attorney fees). Despite the fact that this Court

---

[1] Idaho Code § 12-120(3) provides in full:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

5

refused to award attorney fees, it nonetheless has repeatedly observed that a contract for legal services can be a "commercial transaction" as defined in the statute. *Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 79, 910 P.2d 744, 751 (1996); *Fuller v. Wolters*, 119 Idaho 415, 425, 807 P.2d 633, 643 (1991); *see also Hayward v. Valley Vista Care Corp.*, 136 Idaho 342, 350, 33 P.3d 816, 824 (2001) (stating that contracts for medical services are "commercial transactions" but that no attorney fees are available for malpractice claims). The Court reasoned that § 12-120(3) only applied to claims sounding in contract. *Rice*, 132 Idaho at 901, 980 P.2d at 565.

The categorical rule against awarding attorney fees under § 12-120(3) in tort actions no longer applies in Idaho. *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728–29, 152 P.3d 594, 599–600 (2007). In *City of McCall v. Buxton*, 146 Idaho 656, 201 P.3d 629 (2009), this Court specifically overruled prior legal-malpractice cases that denied fee awards. In that case, we ruled instead that § 12-120(3) "does not require that there be a contract between the parties before the statute is applied; the statute only requires that there be a commercial transaction." *City of McCall*, 146 Idaho at 665, 201 P.3d at 638 (quoting *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 472, 36 P.3d 218, 224 (2001)). Accordingly, in some instances, the prevailing party may be entitled to attorney fees under § 12-120(3) in an action for legal malpractice so long as a commercial transaction occurred between the prevailing party and the party from whom that party seeks fees.

The district court was incorrect to hold that Fletcher could collect attorney fees against Soignier because there was no commercial transaction between them. The fact that Fletcher owed a narrow duty of care to Soignier as a testamentary beneficiary did not create a commercial transaction between them. In *Harrigfeld*, this Court noted that "[a]n attorney's duty arises out of the contract between the attorney and his or her client" and, further, it did not rest the duty of care to non-clients on a third-party-beneficiary theory. *Harrigfeld v. Hancock*, 140 Idaho 134, 137–38, 90 P.3d 884, 887–88 (2004). The district court's decision to award attorney fees to Fletcher under I.C. § 12-120(3) is vacated.

## C.     Fletcher Is Not Entitled to Attorney Fees on Appeal Under I.C. § 12-120(3)

Both parties requested attorney fees on appeal pursuant to I.C. § 12-120(3). As explained in the section above, this was not an action in a "commercial transaction" in which the prevailing party is entitled to attorney fees pursuant to that provision. We therefore decline to award attorney fees on appeal under I.C. § 12-120(3).

## VI. CONCLUSION

The district court correctly granted summary judgment to Fletcher on Soignier's claim for attorney malpractice, but erroneously awarded him attorney fees under I.C. § 12-120(3). The judgment is affirmed in part and reversed in part. We vacate the award of attorney fees below. No fees or costs are awarded on appeal.

Justices BURDICK, J. JONES and HORTON **CONCUR.**

Chief Justice EISMANN, specially concurring.

I concur in the majority opinion, but write to add an additional comment.

If we were to expand *Harrigfeld v. Hancock*, 140 Idaho 134, 90 P.3d 884 (2004), as requested by Ms. Soignier, what amount of money would she be entitled to receive? That was a question she could not answer during oral argument.

Cowan had already received a distribution from the trust prior to making his final will. The money received was obviously no longer subject to the trust, and he made no attempt to bequest that money to Ms. Soignier. Had he wanted to, he certainly could have done so either by making a specific bequest to her or granting her a portion of the residue of the estate other than "[a]ll beneficial interests that I have in any trusts." He did neither. Assuming that he wanted to give her a bequest, it was certainly not the money he had already received. So, what was it? How much money did he want her to receive? Any contention that Cowan intended for Ms. Soignier to receive some specific sum of money is certainly contrary to the provisions of his will because he did not bequeath her any specific sum. The need to speculate as to what he would supposedly have done had his attorney given different advice shows why *Harrigfeld* should not be expanded as Ms. Soignier requests.