W. JONES, Justice.
I. Nature of the Case
Patricia Shelton (“Shelton”) filed suit asserting breach of contract and legal malpractice based on an alleged breach of an attorney-client relationship and contingency fee agreement. During the pendency of this action, Shelton passed away. Lois Bishop (“Bishop”) sought to assert Shelton’s claims as her personal representative. R. Bruce Owens, Jeffrey Crandall, and Owens and Crandall, PLLC (herein referred to collectively as “Owens”) asserted that the legal malpractice claim abated upon Shelton’s death and that the breach of contract claim did not state a claim. Owens now appeals the district court’s decision holding that Patricia Shelton’s claim for legal malpractice did not abate upon her death and that Shelton’s breach of contract action stated a claim. Furthermore, Owens seeks review of the district court’s decision granting Lois Bishop’s Motion to Substitute as Plaintiff. Because Patricia Shelton’s legal malpractice claim sounds in tort and abated upon her death, and her breach of contract claim fails to state a claim, the district court erred in denying Owens’s Motion for Summary Judgment and in granting Bishop’s Motion to Substitute as Plaintiff.
II. Factual and Procedural Background
On February 3, 1997, during the course of her employment, Patricia Shelton was involved in an automobile accident that left her a quadriplegic. The Idaho State Insurance Fund provided her with workers’ compensation benefits, including medical benefits. On September 21, 2006, Shelton was admitted to North Idaho Advanced Care Hospital (“Advanced Care”) to wean her off of a ventilator on which she was dependent. Advanced Care’s treatment of Shelton resulted in further injury. Thereafter, Shelton retained attorney R. Bruce Owens to represent her in a medical malpractice claim against Advanced Care. Shelton entered into an attorney-client relationship with Owens and signed a contingent fee contract on December 25, 2007.
In September of 2008, Owens represented Shelton in mediation with Advanced Care, Idaho State Insurance Fund, and Advanced Care’s insurer. Shelton’s medical malpractice claim was settled on February 6, 2009, in the amount of $1,150,000. Shelton, as a requirement of the settlement, signed the Full Release and Settlement Agreement releasing the hospital and the insurer from liability. After deducting costs and Owens’s contingency fee, Idaho State Insurance Fund sought the remainder of the settlement funds in the amount of $664,543.54, citing its subrogation claim under I.C. § 72-223. Idaho State Insurance Fund’s subrogation claim was later settled in the amount of $270,000. Owens did not represent Shelton during the settlement.
Patricia Shelton alleged that prior to her signing the Full Release and Settlement Agreement, Owens failed to inform her of the consequences of the settlement and release in regard to Idaho State Insurance Fund’s subrogation claim. As a result, Shelton filed her legal malpractice and breach of contract claims on May 6, 2009, contending that Owens breached his duty to inform her of Idaho State Insurance Fund’s subrogation claim and that the medical malpractice settlement could terminate or reduce payment of compensation benefits paid by the Idaho State Insurance Fund. Shelton further contended that Owens breached his duty to seek a partial lump sum settlement, approved by *619 the Idaho Industrial Commission, settling the subrogation interest in her claim.
During the pendency of this action, on or around November 10, 2009, Shelton passed away. Owens later filed and served the Second Motion for Summary Judgment on May 6, 2010. Thereafter, on May 10, 2010, Shelton’s attorney Joseph Jarzabek filed its Motion to Substitute as Plaintiff pursuant to Rule 25(a)(1) of the Idaho Rules of Civil Procedure, seeking to appoint Bishop as personal representative. The district court denied the Second Motion for Summary Judgment by Memorandum Opinion and Order on July 21, 2010. Owens made timely application to the district court to appeal by permission under I.A.R. 12(b), which was denied. On October 20, 2010, this Court granted Owens’s Motion for Appeal by Permission pursuant to I.A.R. 12(e). Owens timely filed the Notice of Appeal on November 8,2010.
III.Issues on Appeal
1. Whether the district court erred in determining that Patricia Shelton’s claim for legal malpractice did not abate upon her death?
2. Whether the district court erred in determining that Patricia Shelton’s claim for breach of contract stated a claim upon which relief can be granted?
3. Whether the district court erred in ruling that Shelton’s claim for legal malpractice was not barred by the economic loss rule?
4. Whether the district court erred in granting the Motion to Substitute as Plaintiff?
5. Whether Lois Bishop is entitled to attorney’s fees on appeal according to I.C. § 12-120(3) and I.C. § 12-121 in her capacity as personal representative of Patricia Shelton?
IV.Standard of Review
On October 19, 2010, this Court granted Owens’s Motion for Appeal by Permission pursuant to I.A.R. 12(c). “Generally, an appeal under I.A.R. 12 will be permitted when the order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the orderly resolution of the litigation.” Kindred v. Amalgamated Sugar Co., 118 Idaho 147, 149, 795 P.2d 309, 311 (1990). As this appeal involves controlling questions of law, this Court exercises free review over those issues. Infanger v. City of Salmon, 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002).
V.Analysis
A. Shelton’s Claim for Legal Malpractice Abated upon Her Death
The abatement rule holds that in the absence of a legislative enactment addressing the survivability of a claim, the common law rules govern. See I.C. § 73-116 (“The common law of England, so far as it is not repugnant to, or inconsistent with, the constitution or laws of the United States, in all cases not provided for in these compiled laws, is the rule of decision in all courts of this state.”); see also Evans v. Twin Falls Cnty., 118 Idaho 210, 215, 796 P.2d 87, 92 (1990). Under the common law, claims arising out of contracts generally survive the death of the claimant, while those sounding in pure tort abate. See Helgeson v. Powell, 54 Idaho 667, 674-79, 34 P.2d 957, 960-61 (1934); Kloepfer v. Forch, 32 Idaho 415, 417-18, 184 P. 477, 477 (1919).
The Idaho Legislature addressed whether negligence claims abate in amending I.C. § 5-327(2) to provide that negligence claims, including legal malpractice claims, do not abate on the death of the injured person. Because the Idaho Legislature failed to provide express language of retroactivity, I.C. § 5-327(2) is inapplicable to the present action, which arose prior to the statute’s effective date.[1] See I.C. § 73-101 (asserting that “[n]o part of these compiled laws is retroactive, unless expressly so declared”); see also Henderson v. Smith, 128 Idaho 444, 448, 915 P.2d 6,10 (1996). Thus, this Court’s ruling is dependent on whether Patricia Shelton’s legal malpractice claim sounds in pure tort or arises out of contract under the common law. *620 See I.C. § 73-116; Helgeson, 54 Idaho at 674-79, 34 P.2d at 960-61; Kloepfer, 32 Idaho at 417-18, 184 P. at 477.
This Court previously held that legal malpractice actions sound in tort in the context of attorney’s fees claims under I.C. § 12-120(3). See Rice v. Litster, 132 Idaho 897, 980 P.2d 561 (1999); .see also Fuller v. Wolters, 119 Idaho 415, 807 P.2d 633 (1991). In restricting attorney’s fees claims to commercial transactions under I.C. § 12-120(3), this Court held “that an action for legal malpractice is a tort action ... even though the underlying transaction which resulted in the malpractice was a ‘commercial transaction. ...’” See Rice, 132 Idaho at 901, 980 P.2d at 565 (quoting Fuller, 119 Idaho at 425, 807 P.2d at 643). Although Rice and Fuller have since been overruled regarding their prohibition of I.C. § 12-120(3) attorney’s fees claims in the context of legal malpractice actions, this Court recognized that they were not overruled on the characterization of legal malpractice actions as sounding in tort. See City of McCall v. Buxton, 146 Idaho 656, 664-65, 201 P.3d 629, 637-38 (2009) (holding that commercial transactions under § 12-120(3) are not limited to contract actions and may include legal malpractice tort actions even in the absence of an attorney-client contract); see also Soignier v. Fletcher, 151 Idaho 322, 256 P.3d 730 (2011) (holding that legal malpractice actions sound in tort, but I.C. § 12-120(3) only requires that there be a commercial transaction, which may be satisfied with the establishment of an attorney-client relationship).
As this Court previously recognized, “[l]egal malpractice actions are an amalgam of tort and contract theories.” See Johnson v. Jones, 103 Idaho 702, 706, 652 P.2d 650, 654 (1982). The tort basis of legal malpractice actions flows from the elements of legal malpractice: “(a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client....” Id. (quoting Sherry v. Diercks, 29 Wash.App. 433, 437, 628 P.2d 1336, 1338 (1981)). “The scope of an attorney’s contractual duty to a client is defined by the purposes for which the attorney is retained.” Johnson, 103 Idaho at 704, 652 P.2d at 652; Fuller, 119 Idaho at 425, 807 P.2d at 643 (holding that the tort of legal malpractice is also a breach of the attorney-client relationship). Breach of an attorney’s duty in negligence is a tort. See Harrigfeld, v. Hancock, 140 Idaho 134, 136, 90 P.3d 884, 886 (2004); Johnson, 103 Idaho at 704, 706-07, 652 P.2d at 652, 654-55. The contract basis of legal malpractice actions is the failure to perform obligations directly specified in the written contract. See Johnson, 103 Idaho at 704, 706-07, 652 P.2d at 652, 654-55 (holding that a breach of contract claim would arise if the attorney did not do what he promised to do in the contract, e.g., failing to draw up a contract of sale). Thus, under the abatement rule, breach of duty is an action in tort, not contract; that is, unless an attorney foolhardily contracts with his client guaranteeing a specific outcome in the litigation or provides for a higher standard of care in the contract, he is held to the standard of care expected of an attorney. Breach of that duty is a tort.
As further elaborated by Justice Jim Jones in his special concurrence, the contours of the duties owed by an attorney to his or her client are defined by the Idaho Rules of Professional Conduct. If an attorney and client want to provide for a higher standard of care, they may do so by express language in the contract. Here, the standard of care in the contract is essentially the same as in any attorney-client relationship. Because this claim sounds in tort, it abated upon Patricia Shelton’s death.
Owens also asserts that the personal nature of the attorney-client relationship suggests that legal malpractice claims are not assignable and, therefore, abate under MacLeod v. Stelle, 43 Idaho 64, 75, 249 P. 254, 257 (1926). This Court need not specifically address this issue because Shelton’s legal malpractice claim abated.
B. Patricia Shelton’s Breach of Contract Claim Fails to State a Claim upon Which Relief Can Be Granted
Owens relies on Trimming v. Howard, 52 Idaho 412, 16 P.2d 661 (1932), and *621 Hayward v. Valley Vista Care Corp., 136 Idaho 342, 33 P.3d 816 (2001), in asserting that the district court erred in holding that Patricia Shelton may bring her legal malpractice and breach of contract claims in the same cause of action. Bishop asserts that Hayward is inapplicable because it relates to medical malpractice claims and was based on a statute that strictly required all actions related to medical care to be pursued in the context of the local standard of care. See Hayward, 136 Idaho at 349-51, 33 P.3d at 823-25.
Trimming and Hayward were actions where the plaintiffs tried to assert contract claims in medical malpractice suits in order to avoid the statute of limitations defense applicable to tort claims. Id.; Trimming, 52 Idaho at 415-17, 16 P.2d at 662-63. Specifically, this Court rejected such claims, asserting that they pertain to “the provision of or failure to provide health care” under I.C. § 6-1012. Hayward, 136 Idaho at 349-50, 33 P.3d at 823-24 (quoting I.C. § 6-1012). This Court affirmed the claims as malpractice tort actions, “regardless of the label assigned to them.” Id. at 350, 33 P.3d at 824. Thus, Owens contends that where legal malpractice actions based on breach of duty are asserted, not based on any obligations or undertakings specifically provided in a contract, a claim in tort remains the sole cause of action. See Trimming, 52 Idaho at 415-17, 16 P.2d at 662-63; Hayward, 136 Idaho at 349-50, 33 P.3d at 823-24.
Although the medical malpractice eases on which Owens relies are governed by a specific statute, the fact that a proponent labels his or her action as sounding in contract as well as malpractice does not make the underlying action contract. The “theory” of relief sought is not different. A holding to the contrary would create a per se breach of contract action in every legal malpractice action. Legal malpractice has traditionally been treated as the proper claim where an attorney breaches his or her duty, which arises from the attorney-client relationship.
As noted in the previous section, because the contingent fee agreement in this matter contained no express language providing for a higher standard of care, the duty owed by Owens is not defined by the contingent fee agreement. The language in the contingent fee agreement that “[attorneys shall represent Client in said matter and do all things necessary, appropriate, or advisable, in regard thereto” is not materially different from the standard applied in the legal malpractice claim. Thus, this action is really a legal malpractice claim disguised as a contract claim. A person cannot change a tort action into a contract action simply by labeling it as such. Hayward, 136 Idaho at 350, 33 P.3d at 824.
As previously discussed, professional malpractice actions traditionally have been characterized as tort actions in the context of the statute of limitations. To hold that this claim is clearly a separate contract cause of action would render the two year statute of limitations applying to legal malpractice actions moot. See Lapham v. Stewart, 137 Idaho 582, 585-87, 51 P.3d 396, 399-401 (2002). It would also call into question matters such as the standard of care regarding legal malpractice actions, which is to comply with the local standard of care by an attorney, as well as the application of the economic loss rale to legal malpractice claims.
Therefore, this Court holds that Bishop’s breach of contract claim, which asserts the same claim as the legal malpractice theory, which has traditionally been treated as the proper claim, fails to state a claim upon which relief can be granted.
C. The Issue Whether Shelton’s Claim for Legal Malpractice Is Barred by the Economic Loss Rule Does Not Need to be Addressed Because Shelton’s Claim for Legal Malpractice Abated
In the Notice of Appeal, Owens argues that the district court erred in ruling that Shelton’s claim for legal malpractice is not barred by the economic loss rule. This issue does not need to be addressed because Shelton’s claim for legal malpractice abated upon her death.'
D. The Substitution of Lois Bishop as Personal Representative for Patricia Shelton Was Improper Because Shelton’s Claim Extinguished as per I.R.C.P. 25(a)(1)
The basis of Owens’s contention that the district court erred in allowing the substitu *622 tion of Lois Bishop is that substitution of the parties under I.R.C.P. 25(a)(1) is only applicable “[i]f a party dies and the claim is not thereby extinguished.... ” Since the legal malpractice claim abated and the contract claim failed to state an independent action, the district court erred in allowing the substitution of Bishop.
E. Bishop Is Not Entitled to Attorney’s Fees Under I.C. § 12-120(3) and I.C. § 12-121
Idaho Code section 12-120(3) and Idaho Code section 12-121 apply to prevailing parties in a civil action. Bishop is not the prevailing party in this action. Therefore, this Court denies Bishop’s attorney’s fees claims under I.C. § 12-120(3) and I.C. § 12-121.
VI. Conclusion
Patricia Shelton’s legal malpractice claim abated upon her death, and her breach of contract claim fails to state a claim upon which relief can be granted. Therefore, the Motion to Substitute as Plaintiff was improperly granted under I.R.C.P. 25(a)(1). Bishop is not entitled to attorney’s fees because she is not the prevailing party.
The judgment of the district court is reversed. Appellants did not request attorney fees. Costs are awarded to the Appellants.
Chief Justice BURDICK and Justice EISMANN concur.

. I.C. § 5-327(2) was amended effective July 1, 2010.