IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39687

| RICHARD SYKES, | ) | 2012 Unpublished Opinion No. 774 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: December 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANDREW E. SCHEPP; BRADY LAW, CHARTERED, | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order granting summary judgment, __affirmed__.

Richard Sykes, Boise, pro se appellant.

Carey Perkins, LLP; Richard L. Stubbs and Kevin A. Griffiths, Boise, for respondents.

---

GRATTON, Chief Judge

Richard Sykes appeals from the district court's order granting summary judgment dismissing his professional malpractice claim. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sykes attended a fireworks display at Ann Morrison Park on July 4, 2010. While at the display, Sykes tripped over a curb injuring both of his rotator cuffs. Sykes then hired Andrew Schepp, an attorney at Brady Law Chartered, to file suit.[1] As it related to a potential claim against the City of Boise, no tort claim was ever filed, although respondents informed Sykes that the claim had been filed. On February 24, 2011, Sykes filed a complaint against respondents for

---

[1] Schepp passed away in an accident in October 2011. Sykes never amended his pleadings to reflect the changes in party. For ease of reference, Schepp and Brady Law will be referred to together as respondents.

professional malpractice for failing to timely file a notice of tort claim, thus preventing suit against the City of Boise.

Sykes filed a motion seeking summary judgment against respondents, claiming that respondents had violated the Idaho Rules of Professional Conduct. Respondents, in turn, filed a motion for summary judgment arguing that Sykes could not prove any damages because the City of Boise was immune from suit. The district court denied Sykes' motion and granted respondents' motion for summary judgment. The district court found that, because the City of Boise was immune from suit, the failure to file the notice of tort claim caused no damages to Sykes.

Sykes filed a motion for reconsideration in which he argued that the potential success of his lawsuit should have no bearing on whether respondents were liable for professional negligence. The district court denied Sykes' motion for reconsideration and awarded the respondents attorney fees and costs pursuant to Idaho Code § 12-120(3). Sykes timely appeals.

## II.

## DISCUSSION

Sykes argues two issues on appeal:

> First, did the *Complaint for Negligence and Professional Malpractice* state a claim that Respondents violated the Idaho Code of Ethics and Conduct standards by failing to timely file a Notice of Claim? . . .
> Second, did the District Court abuse its discretion by using the unrelated Injury to Appellant's shoulders at the 4th of July event as the reason to dismiss Appellant's case?

(Emphasis in original.)

### A. Malpractice

Sykes argues that the district court erroneously granted respondents' motion for summary judgment. Sykes acknowledges that there are four elements to a legal malpractice claim: (1) the existence of an attorney-client relationship with the defendant; (2) defendant owed the plaintiff a duty of care; (3) defendant breached that duty, and; (4) defendant's negligence was a proximate cause of plaintiff's damage. *See Soignier v. Fletcher*, 151 Idaho 322, 324, 256 P.3d 730, 732 (2011). However, in his brief on appeal, Sykes argues that the viability of his underlying lawsuit against the City of Boise should be inconsequential. In making this argument, Sykes fails to address or challenge the district court's basis for its summary judgment decision. Sykes does not

address the district court's determination that respondents were not the proximate cause of his damages because the City of Boise was immune from suit, regardless of the failure to file a notice of tort claim. Instead, Sykes contends that he is seeking damages for respondents' failure to perform a duty and, as such, the success of the underlying claim is irrelevant. Sykes fails to understand that in order for him to possess a viable malpractice claim he must show that respondents' failure to file the notice of tort claim resulted in damages to Sykes and, in this context, that means that the failure to file the notice of tort claim resulted in Sykes' inability to recover against the City of Boise for his injuries. This demonstration of resultant damages applies to claims brought in tort or contract. Sykes provides no argument on appeal that the district court incorrectly determined that the City of Boise was immune from suit. A claim of error on appeal that is not supported by either argument or authority is waived. *Woods v. Sanders*, 150 Idaho 53, 60, 244 P.3d 197, 204 (2010); *Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010); *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Sykes has failed to demonstrate that the district court erred in granting summary judgment to respondents.

## B. Attorney Fees on Appeal

Sykes did not request an award of attorney fees in his opening brief. In his reply brief, Sykes states only that "Appellant also seeks attorney fees based upon the fact that his complaint and this appeal are not frivolous nor without merit." Regardless of the fact that Sykes failed to properly raise any attorney fee claim or support any such claim with argument and citation to authority, Sykes is not the prevailing party in this appeal and is, therefore, not entitled to an award of attorney fees. Moreover, Sykes does not claim on appeal that the district court abused its discretion by awarding attorney fees to respondents and thus waived the issue.

Respondents claim attorney fees under I.C. §§ 12-120(3) and 12-121. Attorney fees may be awarded in the context of a legal malpractice action under I.C. § 12-120(3) to the extent the attorney-client relationship involves a commercial transaction. *Bishop v. Owens*, 152 Idaho 616, 620, 272 P.3d 1247, 1251 (2012); *Soignier*, 151 Idaho at 324, 256 P.3d at 732. However, not every attorney-client relationship involves a commercial transaction. Under I.C. § 12-120(3), a commercial transaction exists only if each party to the transaction enters into the transaction for a commercial purpose. *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 756, 274 P.3d 1256, 1271 (2012). In this context, Sykes transacted with respondents for a personal, not commercial,

3

purpose. The transaction, therefore, lacked the symmetry of commercial purpose necessary to trigger I.C. § 12-120(3). *See id*. Respondents are not entitled to attorney fees under I.C. § 12-120(3).

To receive an I.C. § 12-121 award of attorney fees, the entire appeal must have been pursued frivolously, unreasonably, and without foundation. *Id*. On appeal, Sykes failed to advance any cognizable legal or factual argument that the district court erred in its determination that the City of Boise was immune from suit. Sykes also failed to demonstrate any genuine issue of material fact as to damages flowing from any failing of respondents, a prima facie element under a claim in tort or contract. Consequently, having reviewed the arguments advanced by Sykes, his claims on appeal are frivolous, unreasonable or without foundation. Therefore, respondents are entitled to attorney fees under I.C. § 12-121.

## III.

## CONCLUSION

Sykes has not demonstrated that the district court erred in granting summary judgment to respondents. Respondents are entitled to an award of attorney fees on appeal under I.C. § 12-121. The district court's order granting respondents' motion for summary judgment is affirmed. Costs and attorney fees to respondents.

Judge LANSING and Judge MELANSON **CONCUR.**